THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
DAVID WEILER, Appellant.

CRIMES — WHEN "SHADOWING" BY A PRIVATE DETECTIVE IS NOT
AN "OFFENSIVE OR DISORDERLY ACT" WITHIN MEANING OF PENAL
CODE, § 675.  Where a private detective, employed by a detective agency
duly licensed under the statute (L. 1898, ch. 422), and acting under instruc-
tions from his employer, "shadowed" a person by following him at a dis-
tance wherever he went on a public street, and by watching, at a distance,
his house, office and other places where he went, in order to keep informed
of all his movements, so that a process of subpœna could be served upon him
at any moment if so required, such detective is not guilty of committing
"any offensive or disorderly act" constituting a crime within the mean-
ing of section 675 of the Penal Code, where he never spoke to or came
into personal contact with the complainant, and so conducted himself
that the complainant did not know that he was being "shadowed" until
so informed by others.
*People* v. *Weiler*, 89 App. Div. 611, reversed.

(Argued May 16, 1904; decided June 17, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered Jan-
uary 25, 1904, which affirmed a judgment of the Court of
Special Sessions of the city of New York convicting the
defendant of a violation of section 675 of the Penal Code.

*David Welch* for appellant.  The complaint does not set
forth any crime.  (10 Ency. Pl. & Pr. 473; *People* v. *Pil-
lion*, 78 Hun, 74; *People* v. *Gregg*, 59 Hun, 107.)

*William Travers Jerome, District Attorney* (*Howard S.
Gans* of counsel), for respondent.  A detective who keeps a
person under surveillance on the public street must be able to
prove a public necessity for the surveillance in order to avoid
criminal responsibility.  (Penal Code, § 675.)

O'BRIEN, J.  The defendant was convicted of a misde-
meanor in the Court of Special Sessions of the city of New

York by the three justices of that court, without a jury. The judgment has been affirmed at the Appellate Division of the Supreme Court and the defendant has appealed to this court.

The conviction and judgment rest upon the provisions of section 675 of the Penal Code, which, so far as applicable, read as follows : " Any person who shall by any offensive or disorderly act   *   *   *   annoy or interfere with any person, *   *   *   in any place,   *   *   *   shall be deemed guilty of a misdemeanor." The charge upon which the defendant was tried and convicted is stated in the record substantially as follows : That the defendant violated the provisions of section 675 of the Penal Code " in that said defendant, by continually following this deponent around from place to place in the public street, and at his place of business from time to time, and other public places where deponent had occasion to go, did commit an act offensive in its nature and did then and there annoy and interfere with the peace and comfort of deponent."

The proof at the trial disclosed the fact that the defendant was a private detective, employed by a detective agency duly licensed under the provisions of chapter 422 of the Laws of 1898 and acting under the instructions of his employer he " shadowed " the complainant for four or five days, commencing March 23d, 1903, and ending March 27th, on which last day the defendant was arrested. It seems that in a certain criminal investigation then pending it was assumed that the complainant might be required as a witness and the purpose of employing the defendant, or the agency in whose service he was then employed, was to keep the complainant continually in view to the end that process of subpoena might be served upon him at any moment as the necessity of the case might require. This was the sole purpose of the defendant's conduct and what he did and all he did was to follow the complainant at some distance varying from sixty to two hundred feet wherever he went on the public street, watching for a like distance the complainant's house, office and other places where he went in order to keep informed of all his movements. The defendant so conducted himself as to carry out his purpose

without the knowledge of the complainant. The defendant did not speak to the complainant and never came into personal contact with him, and, except in so far as the act of following him constituted an offense, he did nothing at all that was other than respectful. It is said that when the complainant discovered the fact that he was being shadowed and that the fact was known to others he was greatly annoyed and refrained from visiting people whom he otherwise would have visited for business or social purposes.

The defendant's vocation or calling as a private detective is one that is recognized and regulated by law, and the question is whether anything was charged or proved against him that amounts to a crime. He was sentenced to pay a fine of fifty dollars, and, in default of payment, to imprisonment in the city prison for ten days. In pronouncing the judgment the learned court said : " In view of the fact that it is the first case of the kind that the Special Sessions has had, we will make the fine a light one. What we are going to do now must not be taken as a criterion of what we shall do hereafter in cases that may arise."

The question is whether the defendant was guilty " of any offensive or disorderly act " within the meaning of the statute. We think that no such act was charged and that no proof whatever was given of any act of that character, and hence the defendant's feelings of annoyance on being informed that he had been shadowed could not constitute a basis for the judgment. There are a great many things that may annoy the individual in his contact with modern society, but it does not follow that they are for that reason criminal or any evidence of crime.

It is impossible to see wherein the defendant committed any offensive or disorderly act or was guilty of anything wrong. He never got nearer than sixty feet to the complainant. He did not touch him or speak to him, or even look into his face. Indeed, so inoffensive was the defendant that the complainant was not aware that he was being shadowed until so informed by others, and, except for this information, it is quite likely

that he would have remained in ignorance of the fact that he was under the eye of a detective.

The judgment should be reversed and the defendant discharged.

Parker, Ch. J., Martin, Cullen and Werner, JJ., concur; Gray and Haight, JJ., absent.

Judgment of conviction reversed.