**INTERNATIONAL UNION, et al.**

v.

**Stacey GARNER, et al.**

**No. 1–83–0088.**

United States District Court,
M.D. Tennessee,
Columbia Division.

Jan. 28, 1985.

---

188

Jon S. Kubiak, Chicago, Ill., Arnold E. Perl, Young & Perl, P.C., Memphis, Tenn., Aubrey B. Harwell, Jr., Philip N. Elbert, Neal & Harwell, Nashville, Tenn., for defendant Maremont Corp., Gabriel Shock Absorber Div.

Jack B. Henry, Pulaski, Tenn., Susan Emery McGannon, Donelson, Stokes, Bartholomew, Nashville, Tenn., for defendants Stacey Garner, Stanley Newton, Robert Barnes, Greg Roberts and City of Pulaski.

B.J. Wade, Gerber, Gerber & Agee, Memphis, Tenn., and Jordan Rossen, Gen. Counsel, Leonard Page, Assoc. Gen. Counsel, United Auto., Aerospace, etc., Detroit, Mich., for plaintiffs.

Cornelia A. Clark, Farris, Warfield & Kanaday, Nashville, Tenn., for defendant City of Pulaski.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., for defendant Billy D. Polly.

Vincent E. Wehby, Nashville, Tenn., for defendant Ben Jared.

Richard J. Braun, Nashville, Tenn., for defendant Ronnie H. Pruett.

## MEMORANDUM

WISEMAN, Chief Judge.

The question before the Court is whether a state law cause of action for invasion of privacy can be maintained on the assertion that the mayor, chief of police, and various police officers engaged in surveillance of union meetings held at a public place, recorded the license tag numbers of persons attending the meetings, and then upon checking on the registrations of such license tag numbers, furnished such information to the employer of a number of persons attending the union meeting. The Court concludes that such activities fail to state a claim for tortious invasion of privacy under the law of Tennessee and, therefore, the Court dismisses that particular claim of the plaintiffs' amended complaint. Fed.R.Civ.P. 12(b)(6).

### Facts

This case involves an attempt to unionize a plant in Middle Tennessee. The plaintiffs are employees of defendants Maremont Corporation, and are also union organizers for the United Auto Workers and the International Union. In addition to the Maremont Corporation, the defendants include the mayor and the chief of police of the City of Pulaski, Tennessee, and two employees of the police department. The present motion focuses on the activities of certain members of the Pulaski Police Department who engaged in surveillance of the plaintiffs and other employees of the Maremont Corporation at or near union meetings and recorded license plate numbers and the identity of persons attending the union meetings, and subsequently traced the license plate numbers to automobile registrations and then provided the identity of such persons to the employer corporation. On September 19, 1983, the Court entered a preliminary injunction en-

joining the defendants from further surveillance of this manner. Plaintiffs amended their complaint to charge that such acts constituted an invasion of their privacy under the law of Tennessee. Defendants Garner, Newton, Barnes, and Roberts now move to dismiss the plaintiffs' claim for invasion of privacy asserting that the claim is insufficient as a matter of law to entitle the plaintiffs to relief.

### Law

While the right to privacy has received most of its popular recognition through the constitutional analysis contained in such cases as *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), and *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), state law jurisprudence also recognizes causes of action for invasion of privacy which sound in tort. As with much of tort law, it is Thomas Prosser's work which provides the definitional guidelines for classifying the various types of privacy claims and the elements which constitute each of the separate causes of action. Prosser identifies four distinct torts as representative of the cause of action for invasion of privacy. They are: appropriation; intrusion; public disclosure of private facts; and false light in the public eye. T. Prosser, *The Law of Torts* § 117 (4th Ed.1971). Prosser's definitions are now embodied in the Restatement (Second) of Torts §§ 652A–I (1977). No Tennessee state court has recognized the distinctions; however, in *Beard v. Akzona, Inc.,* 517 F.Supp. 128, 131 (Ed.Tenn.1981), the United States District Court for the Eastern District of Tennessee adopted and applied the Prosser classifications in a case applying Tennessee law. Similarly, this Court will follow Prosser's framework for purposes of analyzing the validity of the plaintiffs' claim.

### A. *False Light*

The plaintiffs' claim for invasion of privacy does not state a cause of action under false light. Under the theory, a cause of action is made out when the plaintiff or aspects of his life have been present-

ed in a misleading manner that would be highly offensive to a reasonable and prudent person. Restatement (Second) of Torts § 652E. Plaintiffs do not contend that the information conveyed to their employer was misleading. Accordingly, the theory of false light is not applicable to the instant facts.

### B. *Appropriation*

■ The plaintiffs do not make out a cause of action for appropriation. Appropriation contemplates the unauthorized commercial use of a part of a person's appearance, such that it fairly exploits a person's property right or his right of publicity. Restatement (Second) of Torts § 652C. This particular legal theory is inapposite to the present facts.

### C. *Public Disclosure of Private Facts*

■ The issue of whether the plaintiffs may make out an action for public disclosure of private facts is a closer question; yet, the Court concludes that the facts are insufficient as a matter of law to maintain the claim. The Restatement (Second) of Torts § 652D defines the tort as follows:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.

The cause of action recognizes the right of all persons to be free from publication of information, regardless of its truth, which is truly private and the dissemination of which would be harmful or embarrassing.

■ The facts in this case do not satisfy the two-part test set out in the Restatement (Second) of Torts. First, the "matter publicized" is not highly offensive to a reasonable person. Rather, assuming the truth of the facts asserted by the plaintiffs, what may be deemed offensive in this case is the *manner* of dissemination of the publicity. The plaintiffs assert that the Pulaski Police Department was responsible for conducting surveillance on citizens who

sought to engage in legitimate activities. The matter publicized itself, however, is not highly offensive nor is it private. A reasonable person would not be offended by the revelation that another person was engaged in union organization activity.

·The fact that the plaintiffs were participating in a union organization meeting is distinguishable from other cases in which the plaintiff claimed their recovery under the theory of public disclosure of private facts. *See, e.g., Trammell v. Citizens News Co.,* 285 Ky. 529, 148 S.W.2d 708 (1941) (finding liability where the defendant has posted a notice in his public garage announcing to the world that the defendant owed him money and would not pay it); *Melvin v. Reid,* 112 Cal.App. 285, 297 P. 91 (1931) (defendant held liable for exhibiting a motion picture which disclosed the present identity of a reformed prostitute who, seven years before, was a defendant in a murder trial); *Prosser* § 117 at 809–10; Restatement (Second) of Torts § 652D cm. a–c. In this case the matter itself is not highly offensive; therefore, the plaintiffs' proper cause of action is not one for invasion of privacy, but rather one which challenges the method and purpose of the surveillance conducted by the public officials.

The plaintiffs also fail to state a valid cause of action under the theory of public disclosure of private facts because the matter publicized is a matter of legitimate concern to the public. In *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), the Supreme Court indicated an action for invasion of privacy cannot be maintained when the subject matter disclosed is a matter of "legitimate concern to the public." In that case, the defendant broadcasting company disclosed the identity of a victim of murder and rape, contrary to a state statute prohibiting such disclosure. The victim's identity was obtained by a reporter who had examined the criminal indictment of six youths. The Court held that "[b]y placing the information in the public domain on official court records, the State must be presumed to have concluded that the public interest was

thereby being served." *Id.* at 495, 95 S.Ct. at 1096. While *Cox* focuses on the press' right to disseminate information contained in public records, the basic inquiry leading to that conclusion is whether the disclosed matter is of legitimate interest to the public. In *Cox,* the information disseminated was found to be a matter of legitimate public concern and therefore protected by constitutional guarantees under the first amendment. Similarly, in this case, although the circumstances of the disclosure may be offensive and the defendants are not members of the press, the fact that the individual plaintiffs were attending a union organization meeting certainly presents an issue of legitimate local concern and interest. That the plaintiffs would have preferred that this information remain confidential is of no consequence to the objective inquiry whether the matter itself is one which would interest the public at large.

Finally, the Court is somewhat troubled by the fact that the plaintiffs are claiming that they had a legitimate expectation that the police would not write down their license tag numbers and disclose the information obtained from them to other individuals. An individual who parks his car in a public place and then enters a private meeting has a legitimate right to expect that others will not eavesdrop on the meeting. But that individual has no right to expect that persons passing by on the street will not take note of—and draw inferences from—the presence of the individual's car parked on the street in plain view for all to see. Indeed, the Court believes that had such surveillance and dissemination of information been conducted by the local press, the plaintiffs would not presently be pursuing this cause of action. Rather, the plaintiffs complain because the surveillance and dissemination was conducted by public officials. For this Court to rule that the plaintiffs now state a cause of action for invasion of privacy would have profound, adverse affects beyond the factual context of the case and, undoubtedly, would have a chilling effect on investigative reporting of matters of legitimate public interest by the press.

### D. *Intrusion*

The plaintiffs maintain that they have made out a cause of action by stating the defendants have intruded upon their solitude by committing an unreasonable intrusion into an area in which they had a legitimate expectation of privacy. The Court disagrees.

Restatement (Second) of Torts § 652B defines intrusion upon seclusion as follows:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of this privacy, if the intrusion would be highly offensive to a reasonable person.

The plaintiffs claim that they had a reasonable expectation that their participation in the meetings and the topics discussed therein were private and that any revelation of this information without their consent was an intentional intrusion upon their privacy. Participation in a union meeting is not a matter of individual solitude or seclusion. As to the plaintiffs' assertion that the defendants unreasonably intruded on the private affairs and concerns, the Court finds that if the plaintiffs truly wanted their participation in the meeting to be private, they would not have left their cars in front of the meeting hall. The cars were in plain view for all to see, and it was not unreasonable for the defendants, in the context of a claim for invasion of privacy, to take note of that fact and to draw inferences therefrom. The plaintiffs do not allege that the defendants wiretapped or in any way eavesdropped on the matters and topics discussed therein. In sum, the Court finds that a person does not have a legitimate expectation of privacy, solitude, or seclusion in being free from the dissemination of inferences drawn from observations readily perceivable in public view. As previously stated, although certain rights of the plaintiffs may indeed have been infringed by the defendants' acts, the defendants did not violate any interests of the

plaintiffs that may be remedied through an action for tortious invasion of privacy.

For these reasons, the motion of the defendants to dismiss the plaintiffs' claim for invasion of privacy is granted. Fed.R. Civ.P. 12(b)(6).