Paul DOPP, Plaintiff,

v.

FAIRFAX CONSULTANTS, LTD.,
Kenneth T. Walton,
Defendants.

Civ. No. 90–1690 HL.

United States District Court,
D. Puerto Rico.

Nov. 16, 1990.

Ruben T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, P.R., for Paul Dopp.

Benny F. Cerezo, Rio Piedras, P.R., for Fairfax Consultants, Ltd. and Kenneth T. Walton.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff Paul S. Dopp ("Dopp") brought this diversity action against a private investigator company, defendants The Fairfax Group, Inc., and Fairfax Consultants, Ltd., ("Fairfax"), and an employee of the company, Kenneth Walton ("Walton"). Plaintiff claims that the defendants' investigation of him invaded his right to privacy, maligned his reputation, and tortiously interfered with civil litigation. This action is before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to allege facts that state a cause of action upon which relief may be granted. For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part.

## FACTS

Plaintiff alleges that while at trial in this District Court in the case of *Paul Dopp v. HTP Corp.*, 755 F.Supp. 491 (D.P.R.1991), the president of Fairfax appeared as a witness and testified that the company had been retained to investigate whether there was any connection between Dopp and one of Dopp's witnesses, Timothy Denoe ("Denoe"). Dopp also alleges that the president of Fairfax testified that the company was investigating some allegedly fraudulent and forged documents submitted to the Court by Dopp. The president further testified that Walton, defendant herein, had been assigned to the task, and he in turn had assigned two of his subordinates. These two subordinates also testified at trial and stated that Fairfax had investigated Dopp, but neither of them had any knowledge as to the outcome of the investigation. This trial testimony was plaintiff Dopp's first inkling that he had been investigated.

Two months after the trial, which ended favorably for plaintiff, Walton allegedly approached Denoe and informed him that he was investigating Dopp and that Dopp had "acted improperly in the Caribbean." *See* Amended Complaint at par. 14. Dopp further avers that Walton stated he could improve whatever offer Dopp had made to Denoe, and that Walton then requested a meeting with Denoe, but apparently this never took place.

## MOTION TO DISMISS

The issue to be decided on this motion is not whether plaintiff will ultimately prevail in the action, but whether he is entitled to proceed with discovery and offer evidence in support of his claim. *Green v. Hamilton Intern. Corp.*, 437 F.Supp. 723 (S.D.N.Y.1977). Dismissal is appropriate only where, after the court has taken all well-pleaded material allegations as true, it appears beyond any doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Plaintiff's claims for damages against defendants are governed by the tort provision of Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. sec. 5141. *See Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Article 1802 of the Civil Code, 31 L.P.R.A. sec. 5141, provides:

A person who by act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done.

To state a claim for damages under this provision plaintiff Dopp must establish three elements: 1) a negligent or wrongful act or omission; 2) proof of damages; and 3) a causal relationship between the damage and the action or omission of the defendants. *Hernandez v. Fournier,* 80 P.R.R. 94, 96–97 (1957).

### COUNT I

Turning now to plaintiff's first claim, that of invasion of privacy, the Court finds that the complaint fails to allege any wrongful act. There are four different forms of invasion of privacy recognized by the courts under the common law: 1) appropriation; 2) unreasonable intrusion; 3) public disclosure of private facts; and 4) false light in the public eye. W. Prosser, *The Law of Torts,* sec. 117 (5th ed. 1984). The type of invasion of privacy applicable to this case falls within the rubric of unreasonable intrusion, and also, that of public disclosure of private facts. The intrusive form generally involves prying or intruding into something that is private. Two factors of primary importance are the means used in gaining access to the private information, and the purpose for obtaining the information. *Id.* at 856. The Court now looks to see if, under the laws of Puerto Rico, plaintiff's allegations of defendants' investigation are sufficient to state a claim for invasion of privacy upon which relief could be granted.

A claim for the invasion of privacy is actionable under Article II, Sect. 8, and Sect. 1, of the Constitution of the Commonwealth of Puerto Rico. Section 8 provides:

Every person has the right to the protection of law against abusive attacks on his honor, reputation and private or family life.

Section 1 states: "The dignity of the human being is inviolable." We note that, as interpreted by the Supreme Court of Puerto Rico, this right to privacy has a much broader scope than its federal constitutional counterpart. *Colon v. Romero Barcelo,* 112 D.P.R. 573 (1982). However, even this broad scope does not encompass the instant complaint. We note that the Supreme Court of Puerto Rico has expressed that the question of the right to privacy under the Puerto Rico Constitution, and which factual situations are protected, is a decision left to the "prudent discretion" of the local courts. *Colon,* 112 D.P.R. at 579. *See also, Lopez–Pacheco v. United States,* 627 F.Supp. 1224, 1228 (D.P.R.1986), *aff'd.,* 815 F.2d 692 (1st Cir.1987). However, since we find that the Supreme Court of Puerto Rico has already ruled in *Pueblo v. Figueroa Navarro,* 104 D.P.R. 721 (1976), on a similar factual situation, we proceed.

In *Figueroa,* a company ordered an investigation, in which the information gathered was to be used against a plaintiff in a civil litigation. The investigator, in attempting to obtain the needed information, surveilled the subject's home. He succeeded in alarming the occupants by driving slowly past the house many times, pausing to look with binoculars, and then parking in front of the house various times and taking photographs. The investigator was charged with violating art. 368 of the former Penal Code, 33 L.P.R.A. sec. 1439, and found guilty of disturbing the peace. The investigator appealed his conviction to the Supreme Court which upheld it on the basis of the Commonwealth constitutional right to privacy. The Court relied on the precedent of *E.L.A. v. Hermandad De Empleados,* 104 D.P.R. 436 (1975), which establishes that the right to privacy and peace in the home is consecrated in the Commonwealth Constitution. The Court concluded that the intrusive and offensive *manner* in which the investigation was conducted constituted an invasion of privacy.

The *Figueroa* Court stated, "To perform the investigation entrusted to him, petitioner did not have to act in the ostensible and daring manner he did." 104 D.P.R. at 726. The Court went on to distinguish *People v. Weiler*, 179 N.Y. 46, 71 N.E. 462 (1904), a case strikingly similar to the one at bar. In *Weiler*, "the detective never came in direct contact with the person under investigation and the latter did not become aware of the fact that he was being shadowed ... [until] he was informed by a third party." 104 D.P.R. at 726. Whereas, in *Figueroa*, "[t]he detective involved herein had a direct contact with the person under investigation, and with his family." *Id.*

■■■ It seems fair to interpret the *Figueroa* holding to mean that private investigations by one person of another person are not of themselves per se violations of the investigated person's right to privacy, even if both are parties to litigation. Thus a private investigation is not a wrongful act, and does not violate the right to privacy, as long as the conduct of the investigation is not "ostensible and daring," or unreasonably intrusive.[1] Even assuming all allegations of the case at bar to be true, plaintiff did not even become aware of the investigation until the defendant so informed him at the trial. This cannot be considered an intrusive investigation by any means, and thus, cannot constitute a claim for invasion of privacy under the Puerto Rico Constitution. The complaint never alleges that the investigation was intrusive; it merely alleges that defendants conducted "a thorough investigation of Dopp's business, personal and family affairs," and this, in and of itself, is not a wrongful act. The complaint simply fails to allege a wrongful act.

The Court also looks to *Colon v. Romero Barcelo*, 112 D.P.R. at 573, for support. In *Colon*, the family of a murder victim claimed their privacy was invaded when the government broadcast an advertisement for crime prevention using a "grotesque photograph" of the victim's body against the family's wishes. The Puerto Rico Supreme Court allowed the plaintiff's claim to stand because the published photograph was shocking, offensive and unauthorized. Furthermore, the Court emphasized that the publication of the photograph was not essential to spread the message of crime prevention; there were other means available. 112 D.P.R. at 581–82. "When the invasion of privacy is *necessary* and *unavoidable*, and it constitutes the most adequate means for obtaining a lawful purpose", then there is no violation. *Id.* (emphasis in the original). Just as in the case at bar, the lawful investigation was conducted in the least intrusive manner possible, since plaintiff was not even aware of it.

■■■ The one other theory upon which plaintiff could base his invasion of privacy claim, is that of public disclosure of private facts, regarding defendant Walton's alleged statement to Denoe about plaintiff's "improper" conduct in the Caribbean.[2] However, this claim is also deficient. Under the law of Puerto Rico, "excessive" publication is required to constitute an invasion of privacy, and here, publication to only one person cannot be considered anything more than "de minimus." *See, e.g., Lopez–Pacheco*, 627 F.Supp. at 1229 (government investigation did not constitute an invasion of privacy where reports were disseminated to few government offices); *Colon, supra; Quiñones v. E.L.A.*, 90 D.P.R. 791 (1964). Thus, plaintiff fails to state a claim for invasion of privacy under the rubric of unreasonable intrusion or public disclosure of private facts.

■■■ Plaintiff argues in his opposition to defendants' motion to dismiss that he should be permitted to proceed to discovery. He states that, "at this moment the extent and degree of intrusion of the

---

1. For a detailed analysis of the right to privacy under the Puerto Rico and United States constitutions, *see La Vigilancia e Investigación Policíaca y los Derechos Civiles*, Informes de la Comisión de Derechos Civiles, Vol. 2 (1970) at pp. 60–81.

2. The defendants' testimony at trial will not be considered here since it is clear that a witness' testimony carries an absolute privilege. *See, e.g.*, W. Prosser, *The Law of Torts, supra*, sec. 117, at p. 868, citing *Application of Tiene*, 19 N.J. 149, 115 A.2d 543 (1955).

investigation performed by the defendants is unknown," and that "[i]f the complaint is dismissed the plaintiff will never know what information was gathered about his family life and/or his professional matters and to whom was this information disseminated."

The First Circuit has addressed this precise issue and has upheld the dismissal of an action alleging an unlawful investigation on the basis that the complaint's generalized allegations were insufficient to state a claim. In language directly applicable herein, the Court stated:

> In a case allegedly involving surveillance, we do not think it is unrealistic or unfair to expect a plaintiff to describe briefly in his complaint the activities of each defendant said to have surveilled him and how his constitutional rights were impinged upon. Indeed, this is necessary to stating a claim because all surveillance is not *per se* violative of constitutional rights.

*Glaros v. Perse*, 628 F.2d 679, 684 (1st Cir.1980).[3]

In essence, plaintiff Dopp is admitting that he does not even know if he has been injured. Plaintiff then is baldly attempting to use the legal system to determine whether or not he has been injured or will be injured in the future. If he determines at the conclusion of discovery that he has not in fact been injured, then presumably he will move to voluntarily dismiss his action. Such a purely speculative action is a waste of judicial resources not envisioned by the liberal pleading doctrine of Rule 8(a) of the Federal Rules of Civil Procedure. *See, e.g., Jewell v. City of Covington*, 425 F.2d 459 (5th Cir.1970), *cert. denied*, 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970); *Harper v. United States*, 423 F.Supp. 192, 196 (D.S.C.1976) (court will not speculate as to plaintiff's actions or injuries); *Bergman v. Stein*, 404 F.Supp. 287, 292–293 (S.D.N.Y.1975) (claims "fall within the realm of speculative injury which the court may not consider"). Accordingly, count one of plaintiff's complaint is dismissed for

failure to state a claim for tortious invasion of privacy.

## COUNT II

■ Turning now to plaintiff Dopp's second claim for relief, that his reputation was maligned and that defendants' actions affected his business opportunities, the Court determines that the claim is too vague and ambiguous, pursuant to Rule 11(e) of the Federal Rules of Crim. Procedure. The Court notes that the claim for damage to reputation could be interpreted as one of defamation, which states a cause of action under the Libel and Slander Statute of 1902, 32 L.P.R.A. secs. 3141–3149. Slander is defined in Section 3143 as "a false and unprivileged publication other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his office, profession, trade or business, or which by natural consequences causes actual damages." Taking all alleged facts in the complaint as true, it would be fair to assume that defendant Walton's statement to Denoe regarding plaintiff's "improper" actions in the Caribbean could state a claim for relief for slander. However, the Court, nor the defendant, should have to second-guess the plaintiff's intentions. Plaintiff is hereby ordered to amend this count within twenty days of the date of this order, such that the defendant can frame a responsive pleading, or the action will be automatically dismissed. Accordingly, defendants' motion to dismiss count two of the complaint is denied.

## COUNT III

■ Count three of plaintiff Dopp's complaint states that defendants tortiously interfered with Dopp's civil litigation, by virtue of defendants' trial testimony. Plaintiff claims that "defendants' course of action was and is motivated by their desire to interfere and frustrate Dopp's claim and outcome" in his civil litigation. Such is the nature of litigation. This count merits no mention by this Court other than to say

---

3. *See also, International Union v. Garner*, 601 F.Supp. 187 (M.D.Tenn.1985).

that it borders on the frivolous and is hereby dismissed.

WHEREFORE, count one of the complaint is hereby dismissed for failure to state a claim upon which relief may be granted; count two remains on the condition that it is sufficiently amended within twenty days; and count three is dismissed.

IT IS SO ORDERED.