[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit


No. 96-1497

ABIGAIL MOJICA-ESCOBAR,

Plaintiff - Appellant,

v.

GASPAR ROCA, ET AL.,

Defendants - Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. P rez-Gim nez, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Coffin, Senior Circuit Judge, 

and Selya, Circuit Judge.  



Nicol s Nogueras, Jr. for appellant. 
Juan R. Marchand-Quintero, with whom Rivera Cestero & 
Marchand Quintero was on brief for appellees. 



May 7, 1997


Per Curiam. Plaintiff-appellant contends that summary Per Curiam.  

judgment was improvidently granted to the defendant newspaper, El

Vocero de Puerto Rico, and its publisher in this defamation and

invasion of privacy suit governed by Puerto Rico law. Upon

careful consideration of the record, appellate briefs, and

arguments in this case, we affirm the district court's grant of

summary judgment to the defendants for substantially the same

reasons provided in its Opinion and Order. See Mojica Escobar v. 

Roca, 926 F. Supp. 30 (D. P.R. 1996). 

Regardless of whether the appellant's spouse's

political prominence was sufficient to render the appellant a

public figure, the falsity of the alleged defamatory statements

was a necessary element appellant had to prove in order to

sustain relief under Puerto Rico defamation law. See Ayala- 

Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 98 (1st Cir. 

1996). Appellant, the non-movant, failed to come forward with

anything other than the most conclusory and vague allegations of

falsity, and thus fell far short of establishing the existence of

a "genuine issue for trial" with regard to the falsity of the

newspaper articles, making summary judgment appropriate. LeBlanc 

v. Great American Ins. Co., 6 F.3d 836, 841-42 (1st Cir. 1993).  

We are unmoved by appellant's argument that the

defendants' failure to respond to a discovery request prevented

her from coming forward with concrete evidence to rebut the

summary judgment motion. The newspaper articles giving rise to

appellant's defamation claims were published and widely

distributed, and it is impossible to imagine that for want of the

information sought in her unanswered discovery request,1

appellant was unable to proffer any competent evidence tending to

show that any of defendants' statements were false, in light of

the fact that, after all, the statements mainly concerned the

appellant's (and her husband's) finances -- matters which

appellant should be in a fine position to address. For example,

appellant failed to come forward with any proof that defendants'

statements regarding the financing of the purchase of a house in

Orlando, Florida, were false, when it is reasonable to assume

that appellant possesses records regarding that purchase -- a

purchase which she claims she herself made.

With regard to appellant's invasion of privacy claim,

we note that the right to privacy as set forth in sections 1, 8,

and 10 of Article II of the Puerto Rico Constitution is an

important right that is firmly safeguarded under Puerto Rico

Supreme Court case law. See, e.g., Col n v. Romero Barcel , 112 

D.P.R. 573 (1982) (finding violation of privacy right where

photograph of murdered relative was publicized for purposes of

crime-prevention advertisement). Nevertheless, as the district

court has stated, the photograph of appellant's house, which

appellant does not deny was taken from a public area outside of

the house, does not constitute an actionable invasion of privacy,
 

1 In the unanswered discovery request that is reproduced at
length in her appellate brief, appellant mainly requests
information as to how the defendant newspaper's reporters went 
about obtaining information about the appellant. In the
circumstances of this case, however, such information is not
needed to prove the falsity of the newspaper's published
statements.

-3-

for it is not "unreasonably intrusive." Dopp v. Fairfax 

Consultants, Ltd., 771 F. Supp. 494, 497 (D. P.R. 1990) (applying 

Puerto Rico's constitutional privacy guarantees). There is also

no legal support for appellant's claim of invasion of privacy

based on the receipt of a single telephone call from an El Vocero

reporter.

Affirmed. Costs on appeal are granted to appellees. Affirmed.  

-4-