USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-1497 ABIGAIL MOJICA-ESCOBAR, Plaintiff - Appellant, v. GASPAR ROCA, ET AL., Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. P rez-Gim nez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Selya, Circuit Judge.  _____________ _____________________ Nicol s Nogueras, Jr. for appellant. _____________________ Juan R. Marchand-Quintero, with whom Rivera Cestero & ___________________________ __________________ Marchand Quintero was on brief for appellees. _________________ ____________________ May 7, 1997 ____________________ Per Curiam. Plaintiff-appellant contends that summary Per Curiam.  ___________ judgment was improvidently granted to the defendant newspaper, El Vocero de Puerto Rico, and its publisher in this defamation and invasion of privacy suit governed by Puerto Rico law. Upon careful consideration of the record, appellate briefs, and arguments in this case, we affirm the district court's grant of summary judgment to the defendants for substantially the same reasons provided in its Opinion and Order. See Mojica Escobar v. ___ ______________ Roca, 926 F. Supp. 30 (D. P.R. 1996). ____ Regardless of whether the appellant's spouse's political prominence was sufficient to render the appellant a public figure, the falsity of the alleged defamatory statements was a necessary element appellant had to prove in order to sustain relief under Puerto Rico defamation law. See Ayala- ___ ______ Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 98 (1st Cir. ______ _________________________ 1996). Appellant, the non-movant, failed to come forward with anything other than the most conclusory and vague allegations of falsity, and thus fell far short of establishing the existence of a "genuine issue for trial" with regard to the falsity of the newspaper articles, making summary judgment appropriate. LeBlanc _______ v. Great American Ins. Co., 6 F.3d 836, 841-42 (1st Cir. 1993).  _______________________ We are unmoved by appellant's argument that the defendants' failure to respond to a discovery request prevented her from coming forward with concrete evidence to rebut the summary judgment motion. The newspaper articles giving rise to appellant's defamation claims were published and widely distributed, and it is impossible to imagine that for want of the information sought in her unanswered discovery request,1 appellant was unable to proffer any competent evidence tending to show that any of defendants' statements were false, in light of the fact that, after all, the statements mainly concerned the appellant's (and her husband's) finances -- matters which appellant should be in a fine position to address. For example, appellant failed to come forward with any proof that defendants' statements regarding the financing of the purchase of a house in Orlando, Florida, were false, when it is reasonable to assume that appellant possesses records regarding that purchase -- a purchase which she claims she herself made. With regard to appellant's invasion of privacy claim, we note that the right to privacy as set forth in sections 1, 8, and 10 of Article II of the Puerto Rico Constitution is an important right that is firmly safeguarded under Puerto Rico Supreme Court case law. See, e.g., Col n v. Romero Barcel , 112 ___ ____ _____ ______________ D.P.R. 573 (1982) (finding violation of privacy right where photograph of murdered relative was publicized for purposes of crime-prevention advertisement). Nevertheless, as the district court has stated, the photograph of appellant's house, which appellant does not deny was taken from a public area outside of the house, does not constitute an actionable invasion of privacy,  ____________________ 1 In the unanswered discovery request that is reproduced at length in her appellate brief, appellant mainly requests information as to how the defendant newspaper's reporters went ___ about obtaining information about the appellant. In the circumstances of this case, however, such information is not needed to prove the falsity of the newspaper's published statements. -3- for it is not "unreasonably intrusive." Dopp v. Fairfax ____ _______ Consultants, Ltd., 771 F. Supp. 494, 497 (D. P.R. 1990) (applying _________________ Puerto Rico's constitutional privacy guarantees). There is also no legal support for appellant's claim of invasion of privacy based on the receipt of a single telephone call from an El Vocero reporter. Affirmed. Costs on appeal are granted to appellees. Affirmed.  ________ -4-