# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 13, 2001 Session

## CHARMAINE WEST, ET AL. v. MEDIA GENERAL CONVERGENCE, INC, ET AL.

**Rule 23 Certified Question of Law**
**United States District Court for the Eastern District of Tennessee**
**No. 1:00-cv-184, R. Allan Edgar, Chief United States District Judge**

---

**No. M2001-00141-SC-R23-CQ - Filed August 23, 2001**

---

Pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee,[1] this Court accepted certification of the following question from the United States District Court for the Eastern District of Tennessee:

> Do the courts of Tennessee recognize the tort of false light invasion of privacy, and if so, what are the parameters and elements of that tort?

We conclude that Tennessee recognizes the tort of false light invasion of privacy and that Section 652E of the Restatement (Second) of Torts (1977), as modified by our discussion below, is an accurate statement of the elements of this tort in Tennessee. We further conclude that the parameters of the doctrine are illustrated by the Comments to Sections 652A and 652E-I, and by this Court's decision in Memphis Publishing Co. v. Nichols, 569 S.W.2d 412 (Tenn. 1978), as it applies to the First Amendment standard for private plaintiffs and the pleading of damages.

### Tennessee. Sup. Ct. R. 23 Certified Question of Law

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Samuel L. Felker, Donald L. Zachary, and Rebecca S. Kell, Nashville, Tennessee, for the petitioner, Media General Convergence, Inc. and Media General Convergence, Inc. d/b/a WDEF-TV 12.

---

[1]"The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23, § 1.

Anita B. Hardeman and Harry F. Bumette, Chattanooga, Tennessee, for the respondents Charmaine West and First Alternative Probation and Counseling, Inc.

## OPINION

### I. Factual and Procedural Background

The facts from which this case arose were adequately provided in the Certification Order to this Court. As described in that Order, the relevant facts are as follows:

> This suit arises out of a multi-part investigative news report aired by WDEF-TV 12 in Chattanooga about the relationship between the plaintiffs [Charmaine West and First Alternative Probation Counseling, Inc.] and the Hamilton County General Sessions Court, and in particular, one of the general sessions court judges. Plaintiffs operated a private probation services business, and were referred this business by the general sessions courts. Plaintiffs claim that WDEF-TV defamed them by broadcasting false statements that the plaintiffs' business is illegal. Plaintiff West, in particular, claims that the defendant invaded her privacy by implying that she had a sexual relationship with one of the general session judges; and that the general sessions judges and the plaintiffs otherwise had a "cozy," and hence improper, relationship.

Media General filed a motion to dismiss the plaintiffs' false light invasion of privacy claim. Thereafter, the District Court for the Eastern District of Tennessee certified to this Court the following question of law: Do the courts of Tennessee recognize the tort of false light invasion of privacy, and if so, what are the parameters and elements of that tort? We accepted certification of this question, and, for the reasons stated below, we conclude that the tort of false light is recognized under Tennessee law. The elements of this tort are adequately stated in Section 652E of the Restatement (Second) of Torts (1977), as modified below, while Sections 652F-I and the comments to Sections 652A and 652E-I accurately reflect the parameters of the tort in Tennessee.

### II. Analysis

#### A. The Right to Privacy

In the seminal article, The Right to Privacy, 4 Harv. L. Rev. 193 (1891), Samuel Warren and Louis Brandeis, expressing disdain for the "gossip-mongers" of their time, established the concept of the right to privacy in the common law. The article expressed contempt for the manner in which technological advancement undermined one's ability to keep private matters from the public eye:

> The intensity and complexity of life, attendant upon advancing civilization, have rendered necessary some retreat from the world, and man, under the refining influence of culture, has become more sensitive to publicity, so that solitude and

privacy have become more essential to the individual; but modern enterprise and invention have, through invasions upon his privacy, subjected him to mental pain and distress, far greater than could be inflicted by mere bodily injury.

Warren & Brandeis, The Right to Privacy at 196. Setting out to "define anew . . . the right to enjoy life, – the right to be let alone," Warren and Brandeis positioned the right to privacy apart from traditional tort recovery requirements of physical injury or infringement upon property interests. 4 Harv. L. Rev. at 193.[2]

The protection of privacy rights are still reflected in current law, owing much to the efforts of Dean William L. Prosser, whose analysis of invasion of privacy resulted in the classification of that tort into four separate causes of action. See William L. Prosser, Privacy, 48 Calif. L. Rev. 383 (1960); William L. Prosser, Law of Torts § 117 (4th ed.1971). "To date the law of privacy comprises four distinct interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff 'to be let alone.'" Prosser, Law of Torts § 117, at 804. Prosser's four categories consist of the appropriation of one's name or likeness, intrusion upon the seclusion of another, public disclosure of private facts, and placing another in a false light before the public. Id., § 117.

Section 652A of the Restatement (Second) of Torts (1977) incorporated Dean Prosser's four categories of invasion of privacy:

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
(2) The right of privacy is invaded by:
      (a) unreasonable intrusion upon the seclusion of another, as stated in § 652B; or
      (b) appropriation of the other's name or likeness, as stated in §       652C; or

---

[2] In their 1891 article, Warren and Brandeis articulated several maxims on the limitations of the right to privacy that generally hold true today and help with an understanding of the right to privacy and the tort of false light:

1. The right to privacy does not prohibit any publication of matter which is of public or general interest.
2. The right to privacy does not prohibit the communication of any matter, though in its nature private, when the publication is made under circumstances which would render it a privileged communication according to the law of slander and libel.
3. The law would probably not grant any redress for the invasion of privacy by oral publication in the absence of special damage.
4. The right to privacy ceases upon the publication of the facts by the individual, or with his consent.
5. The truth of the matter published does not afford a defence.
6. The absence of "malice"* in the publisher does not afford a defence.

The Right to Privacy at 214-19.

* "Malice" as used here is defined as "personal ill-will," and should not be confused with the standard of actual malice discussed below.

(c) unreasonable publicity given to the other's private life, as stated in § 652D; or

(d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

This Court first encountered the issue of invasion of privacy in <u>Langford v. Vanderbilt University</u>, 287 S.W.2d 32 (Tenn. 1956). Assuming that invasion of privacy existed as a cause of action in Tennessee, this Court recognized the right to privacy as "the right to be let alone; the right of a person to be free from unwarranted publicity." <u>Langford</u>, 287 S.W.2d at 38.[3] In <u>Martin v. Senators, Inc.</u>, 418 S.W.2d 660 (Tenn. 1967), we revisited the issue of invasion of privacy, looking to the <u>Restatement (First) of Torts</u> (1939) for insight into the nature of the tort:

A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other. . . . Liability exists only if the defendant's conduct was such that he should have realized that it would be offensive to persons of ordinary sensibilities. It is only where the intrusion has gone beyond the limits of decency that liability accrues.

<u>Martin</u>, 418 S.W.2d at 663 (citing to <u>Restatement (First) of Torts</u> §867 & cmt. d (1939)). In more recent years, the federal courts have applied the <u>Restatement (Second) of Torts</u> when analyzing the right to privacy in Tennessee. In <u>Scarbrough v. Brown Group, Inc.</u>, the United States District Court for the Western District of Tennessee held that "[a]lthough no Tennessee state court has recognized the [Restatement (Second)] distinctions, federal courts applying Tennessee law have used these categories in analyzing invasion of privacy claims." 935 F. Supp. 954, 963-64 (W.D. Tenn. 1996).[4]

### B. False Light and Recognition of the Tort

Specifically at issue in this case is whether Tennessee recognizes the separate tort of false light invasion of privacy. Section 652E of the <u>Restatement (Second) of Torts</u> (1977) defines the tort of false light:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

---

[3] In <u>Langford</u> this Court held that a report published in a school newspaper did not invade the plaintiff's privacy because the subject matter of the article had already been made part of the public record. <u>See also</u>, <u>Cox Broad. Corp. v. Cohn</u>, 420 U.S. 469, 494-95, 95 S.Ct. 1029, 1046, 43 L.Ed.2d 328 (1975)("[T]he prevailing law of invasion of privacy generally recognizes that the interests in privacy fade when the information involved already appears on the public record."); <u>Fann v. City of Fairview</u>, 905 S.W.2d 167 (Tenn. Ct. App. 1995).

[4] <u>See also</u> <u>Evans v. Detlefsen</u>, 857 F.2d 330, 338 (6th Cir. 1988)(holding that there is no invasion of privacy when arrest is supported by probable cause); <u>Lineberry v. State Farm Fire & Casualty Co.</u>, 885 F. Supp. 1095 (M.D. Tenn. 1995); <u>International Union v. Garner</u>, 601 F. Supp. 187 (M.D. Tenn. 1985).

-4-

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and
(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

A majority of jurisdictions addressing false light claims have chosen to recognize false light as a separate actionable tort. Most of these jurisdictions have adopted either the analysis of the tort given by Dean Prosser or the definition provided by the Restatement (Second) of Torts. See White v. Fraternal Order of Police, 909 F.2d 512 (D.C. Cir. 1990); Phillips v. Smalley Maint. Servs., Inc., 435 So. 2d 705 (Ala. 1983); Godbehere v. Phoenix Newspapers, Inc., 783 P.2d 781 (Ariz. 1989); Dodrill v. Arkansas Democrat Co., 590 S.W.2d 840 (Ark. 1979); Fellows v. National Enquirer, Inc., 721 P.2d 97 (Cal. 1986)(in bank); Cabaniss v. Hipsley, 151 S.E.2d 496 (Ga. Ct. App. 1966); Goodrich v. Waterbury Republican-American, Inc., 448 A.2d 1317 (Conn. 1982); Agency for Health Care Admn. v. Associated Indus. of Florida, Inc., 678 So. 2d 1239 (Fla. 1996)(recognizing four separate categories constituting invasion of privacy); Hoskins v. Howard, 971 P.2d 1135 (Idaho 1998); Lovgren v. Citizens First Nat'l Bank of Princeton, 534 N.E.2d 987 (Ill. 1989); Cullison v. Medley, 570 N.E.2d 27 (Ind. 1991); Anderson v. Low Rent Housing Comm'n of Muscatine, 304 N.W.2d 239 (Iowa 1981); Finlay v. Finlay, 856 P.2d 183 (Kan. Ct. App. 1993)(stating that false light is a subdivision of the broader tort of invasion of privacy); McCall v. Courier-Journal and Louisville Times Co., 623 S.W.2d 882 (Ky. 1981); Jaubert v. Crowley Post Signal, Inc., 375 So. 2d 1386 (La. 1979); Harnish v. Herald-Mail Co., 286 A.2d 146 (Md. 1972); MacKerron v. Madura, 445 A.2d 680 (Me. 1982)(citing Equifax Services, Inc. v. Cohen, 420 A.2d 189, 200 (Me. 1980)); Prescott v. Bay St. Louis Newspapers, Inc., 497 So. 2d 77 (Miss. 1986); Lence v. Hagadone Inv. Co., 853 P.2d 1230 (Mont. 1993); Turner v. Welliver, 411 N.W.2d 298 (Neb. 1987)(noting that false light is codified in Neb. Rev. Stat. § 20-204 (1983)); Romaine v. Kallinger, 537 A.2d 284 (N.J. 1988); Moore v. Sun Publ'g Corp., 881 P.2d 735 (N.M. Ct. App. 1994); McCormack v. Oklahoma Publ'g Co., 613 P.2d 737 (Okla. 1980); Dean v. Guard Publ'g Co., Inc., 699 P.2d 1158 (Or. Ct. App. 1985); Santillo v. Reedel, 634 A.2d 264 (Pa. Super. Ct. 1993); Montgomery Ward v. Shope, 286 N.W.2d 806 (S.D. 1979)(acknowledging that false light lies within the scope of invasion of privacy); Cox v. Hatch, 761 P.2d 556 (Utah 1988); Eastwood v. Cascade Broad. Co., 722 P.2d 1295 (Wash. 1986); Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70 (W. Va. 1983).

A minority of jurisdictions have refused to recognize false light invasion of privacy. See Falwell v. Penthouse Int'l, Ltd., 521 F. Supp. 1204 (W.D. Va. 1981)(noting that Virginia has statutory right of privacy similar to that of New York); Elm Medical Laboratory, Inc. v. RKO General, Inc., 532 N.E.2d 675 (Mass. 1989); Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231 (Minn. 1998); Sullivan v. Pulitzer Broad. Co., 709 S.W.2d 475 (Mo. 1986)(en banc)(refusing to recognize false light on these facts); Howell v. New York Post Co., Inc., 612 N.E.2d 699 (N.Y. 1993)(holding that New York has statutory invasion of privacy law that does not afford recognition of common law false light); Renwick v. News and Observer Publ'g Co., 312 S.E.2d 405 (N.C. 1984); Hougum v. Valley Mem'l Homes, 574 N.W.2d 812 (N.D. 1998); Yeager v. Local Union 20, Teamsters, 453 N.E.2d 666 (Ohio 1983); Brown v. Pearson, 483 S.E.2d 477 (S.C. Ct. App. 1997); Cain v. Hearst

Corp., 878 S.W.2d 577 (Tex. 1994); Zinda v. Lousiana Pacific Corp., 440 N.W.2d 548 (Wis. 1989)(recognizing that statutory right to privacy excludes false light). Among these jurisdictions, Virginia, New York, and Wisconsin refused to recognize the common law tort of false light because their state legislatures adopted privacy statutes that do not expressly include the tort.

Perhaps the most significant case upholding the minority view is Renwick v. News and Observer Publishing Co., 312 S.E.2d 405 (N.C. 1984). In Renwick, the Supreme Court of North Carolina expressed two main arguments for not recognizing the tort of false light invasion of privacy in North Carolina. First, the protection provided by false light either duplicates or overlaps the interests already protected by the defamation torts of libel and slander. 312 S.E.2d at 412. Second, "to the extent it would allow recovery beyond that permitted in actions for libel or slander, [recognition of false light] would tend to add to the tension already existing between the First Amendment and the law of torts in cases of this nature." Id. After analyzing the standards of constitutional protection provided by New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and Times, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967), the North Carolina Supreme Court was unwilling to extend protection to plaintiffs under false light partly because of a concern that recognition of the tort "would reduce judicial efficiency by requiring our courts to consider two claims for the same relief which, if not identical, would not differ significantly." Id. at 413. Further, the court asserted that "such additional remedies as we might be required to make available to plaintiffs should we recognize false light invasion of privacy claims are not sufficient to justify the recognition in this jurisdiction of such inherently constitutionally suspect claims for relief." Id. (emphasis in original).

After considering the relevant authorities, we agree with the majority of jurisdictions that false light should be recognized as a distinct, actionable tort. While the law of defamation and false light invasion of privacy conceivably overlap in some ways, we conclude that the differences between the two torts warrant their separate recognition. The Supreme Court of West Virginia noted the following differences in Crump v. Beckley Newspapers, Inc.:

> In defamation law only statements that are false are actionable, truth is, almost universally, a defense. In privacy law, other than in false light cases, the facts published are true; indeed it is the very truth of the facts that creates the claimed invasion of privacy.[5] Secondly, in defamation cases the interest sought to be protected is the objective one of reputation, either economic, political, or personal, in the outside world. In privacy cases the interest affected is the subjective one of injury to [the] inner person. Thirdly, where the issue is truth or falsity, the

---

[5]The facts may be true in a false light claim. However, the angle from which the facts are presented, or the omission of certain material facts, results in placing the plaintiff in a false light. "'Literal accuracy of separate statements will not render a communication 'true' where the implication of the communication as a whole was false.' . . . The question is whether [the defendant] made 'discrete presentations of information in a fashion which rendered the publication susceptible to inferences casting [the plaintiff] in a false light." Santillo v. Reedel, 634 A.2d 264, 267 (Pa. Super. Ct. 1993)(citing Larsen v. Philadelphia Newspapers, Inc., 543 A.2d 1181 (Pa. Super. Ct. 1988))(emphasis added). Therefore, the literal truth of the publicized facts is not a defense in a false light case.

marketplace of ideas furnishes a forum in which the battle can be fought. In privacy cases, resort to the marketplace simply accentuates the injury.

320 S.E.2d 70, 83 (W.Va. 1984)(quoting Thomas Emerson, The Right of Privacy and Freedom of the Press, 14 Harv. C.R.-C.L. L. Rev. 329, 333 (1979)).

With respect to the judicial economy concern expressed by the North Carolina Supreme Court, we find that such concerns are outweighed in this instance by the need to maintain the integrity of the right to privacy in this State. Dean Prosser's analysis identifies the nature of invasion of privacy, and we believe false light complements the remaining invasion of privacy torts. Certainly situations may exist in which persons have had attributed to them certain qualities, characteristics, or beliefs that, while not injurious to their reputation, place those persons in an undesirable false light.[6] However, in situations such as these, victims of invasion of privacy would be without recourse under defamation law. False light therefore provides a viable, and we believe necessary, action for relief apart from defamation.

The Appellant, and likewise the minority view, predict that recognition of the tort will result in unnecessary litigation, even in situations where "positive" or laudatory characteristics are attributed to individuals. We disagree. Such needless litigation is foreclosed by Section 652E (a) of the Restatement (Second) of Torts which imposes liability for false light only if the publicity is highly offensive to a reasonable person. Comment c to Section 652E notes that the hypersensitive plaintiff cannot recover under a false light claim where the publicized matter attributed to the plaintiff was, even if intentionally falsified, not a seriously offensive misstatement.

Complete and perfect accuracy in published reports concerning any individual is seldom attainable by any reasonable effort, and most minor errors, such as a wrong address for his home, or a mistake in the date when he entered his employment or similar unimportant details of his career, would not in the absence of special circumstances give any serious offense to a reasonable person.

Restatement (Second) of Torts, § 652E cmt. c (1977). Thus, the "highly offensive to a reasonable person" prong of Section 652E deters needless litigation.[7]

---

[6]Comment b, Illustration 4 to Section 652E provides such an example:
A is a democrat. B induces him to sign a petition nominating C for office. A discovers that C is a Republican and demands that B remove his name from the petition. B refuses to do so and continues public circulation of the petition, bearing A's name. B is subject to liability to A for invasion of privacy.

[7] Illustrations provided in Section 652E of the Restatement (Second) of Torts, (1977), are helpful in understanding the limits of protection provided by false light. Illustration 9 reads:
A is the pilot of an airplane flying across the Pacific. The plane develops motor trouble, and A succeeds in landing it after harrowing hours in the air. B Company broadcasts over television a dramatization of the flight, which enacts it in most respects in an accurate manner. Included in the

(continued...)

Comment b to Section 652E of the <u>Restatement (Second) of Torts</u> addresses the concern that one publication may result in multiple recoveries. If, in addition to false light, a plaintiff also asserts an alternative theory of recovery under libel, "the plaintiff can proceed upon either theory, or both, <u>although he can have but one recovery for a single instance of publicity.</u>" <u>Id.</u> (emphasis added).[8]

We must also disagree with the North Carolina Supreme Court that recognition of false light would destabilize current First Amendment protections of speech. In our view, the "actual malice" standard adequately protects First Amendment rights when the plaintiff is a public official, a public figure, or the publicity is a matter of public interest. This standard was first adopted in a defamation case, <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), in which the Court held that public officials may not recover damages for defamatory statements relating to their official duties unless the statement was made with actual malice – knowledge of the falsity of the statement or reckless disregard for the truth of the statement. In <u>Time, Inc. v. Hill</u>, 385 U.S. 374, 87 S.Ct 534, 17 L.Ed. 2d 456 (1967), the Court extended the actual malice standard to alleged defamatory statements about matters of public interest.[9] In <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the Court held that negligence is a sufficient constitutional standard for defamation claims asserted by a private individual about matters of private concern, but the Court has not yet decided which standard applies to false light claims. <u>See Cantrell v. Forest City Publishing Co.</u>, 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed. 2d 419 (1974).

In light of the uncertain position of the United States Supreme Court with respect to the constitutional standard for false light claims brought by private individuals about matters of private interest, many courts and Section 652E of the <u>Restatement (Second) of Torts</u> adopt actual malice as the standard for all false light claims. <u>See Goodrich v. Waterbury Republican-American, Inc.</u>, 448 A.2d 1317, 1330 (Conn. 1982); <u>Lovgren v. Citizens First Nat'l Bank of Princeton</u>, 534 N.E.2d 987, 991(Ill. 1989); <u>McCall v. Courier-Journal and Louiville Times Co.</u>, 623 S.W.2d 882, 888 (Ky. 1981)("Until the Supreme Court has spoken, we must comply with the ruling in <u>Hill</u> . . . . In the event the <u>Gertz</u> rule is applied, we believe the desirable standard of fault is that of simple negligence which we have adopted in this opinion for libel cases."); <u>Dean v. Guard Publ'g Co., Inc.</u>, 699 P.2d 1158, 1161 (Or. Ct. App. 1985). We hold that actual malice is the appropriate standard for false light

_____

[7](...continued)
broadcast, however, are scenes, known to B to be false, in which an actor representing A is shown as praying, reassuring passengers, and otherwise conducting himself in a fictitious manner that does not defame him or in any way reflect upon him. Whether this is an invasion of A's privacy depends on whether it is found by the jury that the scenes would be highly objectionable to a reasonable man in A's position.

[8]Comment d to Section 652A of the <u>Restatement (Second) of Torts</u> also provides that, in instances where more than one invasion of privacy is claimed based upon a single act or series of acts, the injured party may "have only one recovery of his damages upon one or all of the different grounds."

[9]"[T]he constitutional protections for speech and press preclude the application of the New York statute to redress false reports of matters of public interest in the absence of proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth." <u>Time, Inc. v. Hill</u>, 385 U.S. at 387-88, 87 S.Ct. at 542.

claims when the plaintiff is a public official or public figure, or when the claim is asserted by a private individual about a matter of public concern. We do not, however, adopt the actual malice standard for false light claims brought by private plaintiffs about matters of private concern. In Memphis Publishing Co. v. Nichols, 569 S.W.2d 412 (Tenn. 1978), this Court adopted negligence as the standard for defamation claims asserted by private individuals about matters of private concern. Our decision to adopt a simple negligence standard in private plaintiff/private matter false light claims is the result of our conclusion that private plaintiffs in false light claims deserve the same heightened protection that private plaintiffs receive in defamation cases. Therefore, when false light invasion of privacy claims are asserted by a private plaintiff regarding a matter of private concern, the plaintiff need only prove that the defendant publisher was negligent in placing the plaintiff in a false light. For all other false light claims, we believe that the actual malice standard achieves the appropriate balance between First Amendment guarantees and privacy interests.

With respect to the parameters of the tort of false light, we conclude that Sections 652F-I of the Restatement (Second) of Torts adequately address its limits. Sections 652F and 652G note that absolute and conditional privileges apply to the invasion of privacy torts, and we hereby affirm that such privileges previously recognized in Tennessee apply to false light claims. Damages are addressed in Section 652H of the Restatement (Second) of Torts (1977), which provides:

> One who has established a cause of action for invasion of his privacy is entitled to recover damages for
> (a) the harm to his interest in privacy resulting from the invasion;
> (b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and
> (c) special damage of which the invasion is a legal cause.

Consistent with defamation, we emphasize that plaintiffs seeking to recover on false light claims must specifically plead and prove damages allegedly suffered from the invasion of their privacy. See Memphis Publishing, 569 S.W.2d at 419. As with defamation, there must be proof of actual damages. See Myers v. Pickering Firm, Inc., 959 S.W.2d 152 (Tenn. Ct. App. 1997). The plaintiff need not prove special damages or out of pocket losses necessarily, as evidence of injury to standing in the community, humiliation, or emotional distress is sufficient. 959 S.W.2d at 164.

In addition, for purposes of clarification, this Court adopts Section 652I of the Restatement (Second) of Torts (1977) which recognizes that the right to privacy is a personal right. As such, the right cannot attach to corporations or other business entities, may not be assigned to another, nor may it be asserted by a member of the individual's family, even if brought after the death of the individual. Restatement (Second) of Torts § 652I cmt. a-c (1977). Therefore, only those persons who have been placed in a false light may recover for invasion of their privacy.

Finally, we recognize that application of different statutes of limitation for false light and defamation cases could undermine the effectiveness of limitations on defamation claims. Therefore, we hold that false light claims are subject to the statutes of limitation that apply to libel and slander,

as stated in <u>Tenn. Code Ann.</u> §§ 28-3-103 and 28-3-104(a)(1), depending on the form of the publicity, whether in spoken or fixed form.

### **III. Conclusion**

In response to the certified question, we conclude that the courts of Tennessee recognize the tort of false light invasion of privacy, and that Section 652E of the <u>Restatement (Second) of Torts</u> (1977), as modified by the discussion above, is an accurate statement of the tort. The parameters of false light in Tennessee are adequately explained by the Comments to Sections 652A and 652E-I, as well as the pleading of damages requirement provided in <u>Memphis Publishing Co. v. Nichols</u>, 569 S.W.2d 412 (Tenn. 1978).

Having answered the certified question, the Clerk is directed to transmit a copy of this opinion in accordance with Tennessee Supreme Court Rule 23(8). Costs in this Court are taxed to the petitioner, Media General Convergence, Inc.

_____
FRANK F. DROWOTA, III, JUSTICE