IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2002 Session

## JAMES E. GUNTER v. TIM E. EMERTON

**Appeal from the Circuit Court for Overton County**
**No. 3542     John Maddux, Judge**

---

### No. M2001-00364-COA-R3-CV - Filed May 21, 2002

---

In this action against a police officer for invasion of privacy by placing the plaintiff in false light the trial court granted summary judgment to the defendant. On appeal, the plaintiff claims that the trial judge erred by granting summary judgment on a defense not raised by the defendant. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and JEFFREY F. STEWART, SP. J., joined.

John E. Appman, Jamestown, Tennessee, for the appellant, James E. Gunter.

Keith L. Edmiston, Knoxville, Tennessee, for the appellee, Tim E. Emerton

### OPINION

### I.

James E. Gunter filed a complaint in the Circuit Court for Overton County against a Livingston police officer, Tim E. Emerton. The complaint alleged that Mr. Gunter stopped at a Shell Oil station in Livingston, and when he returned to his car, he thought that an antique watch had been stolen from the car by a suspicious-looking person close by. Mr. Gunter then re-entered the Shell station and asked the clerk to call the police. Two police officers arrived and began to investigate the theft. About five minutes later, Officer Emerton arrived and found the watch wrapped in a napkin between the seats of Mr. Gunter's car.

The complaint alleges that Mr. Gunter had in his possession "various handguns including a 22 cal. revolver and a 9 mm. automatic." The complaint also alleges that Mr. Gunter had a permit to carry the weapons, but that Officer Emerton, upon discovering that Mr. Gunter was carrying a gun in an establishment that sells alcoholic beverages, arrested him for violating Tenn. Code Ann. § 39-

17-1305.[1] The complaint alleges that Officer Emerton arrested Mr. Gunter without cause and reason, that the charges were brought maliciously, and that the charges were dismissed. Mr. Gunter alleged that he suffered mental anguish and damage to his reputation because Officer Emerton's actions were an unwarranted invasion of privacy casting Mr. Gunter in a false light.

Officer Emerton filed an answer in which he denied any malice on his part, denied that he acted without probable cause, denied that his actions caused the plaintiff to suffer any damages, and denied that his actions were an unwarranted invasion of privacy. As affirmative defenses the answer asserted that the complaint failed to state a cause of action, that the defendant acted with probable cause to arrest the plaintiff, and that the charges against the plaintiff were not dismissed.

Officer Emerton then filed a motion for summary judgment. He supported the motion with a copy of the arrest warrant against Mr. Gunter showing that it was dismissed "upon payment of full court costs" and "Defendant will forfeit a .22 pistol seized as part of this case to the Livingston Police Dept. for the purpose of being destroyed. Defendant will have the .9 mm seized from him returned to him by the Livingston Police Dept." The defendant also filed his own affidavit and the affidavits of two other witnesses that said Mr. Gunter was on the premises where alcoholic beverages were sold while having a .22 caliber pistol in his possession.

The memorandum of law filed with the motion for summary judgment argued the motion as if the cause of action was for malicious prosecution, and the trial court treated the complaint as one for malicious prosecution in part. The court dismissed that cause of action because the defendant had probable cause to arrest the plaintiff, and the uncontradicted proof showed that the charges against the plaintiff were not terminated in his favor. But the order dismissing the complaint also contained the following paragraph:

4.      [T]he defendant is entitled to judgment as a matter of law on the invasion of privacy/false light claim, as the plaintiff has failed to raise a genuine issue of material fact regarding whether i) the conduct of the defendant in making the arrest of the plaintiff would have been offensive to persons of ordinary sensibilities or constituted an intrusion which went beyond the limits of

---

[1]Tenn. Code Ann. § 39-17-1305 provides:

(a) It is an offense for a person to possess a firearm on the premises of a place open to the public where alcoholic beverages are served or in the confines of a building where alcoholic beverages are sold.

(b) A violation of this section is a Class A misdemeanor.

(c) The provisions of subsection (a) shall not apply to a person who is:

(1) In the actual discharge of official duties as a law enforcement officer, or is employed in the army, air force, navy, coast guard or marine service of the United States or any member of the Tennessee national guard in the line of duty and pursuant to military regulations, or is in the actual discharge of duties as a correctional officer employed by a penal institution; or

(2) On the person's own premises or premises under the person's control or who is the employee or agent of the owner of the premises with responsibility for protecting persons or property.

decency, ii) cast the plaintiff in a false light, or iii) otherwise wrongfully invaded the plaintiff's privacy.

## II.

Our Supreme Court in *Martin v. Senators, Inc.*, 418 S.W.2d 660 (Tenn. 1967), recognized that a defendant could be held liable for seriously interfering "with another's interest in not having his affairs known to others or his likeness exhibited to the public." 418 S.W.2d at 663 (quoting *Restatement of Torts* § 867). The court also adopted the *Restatement* comment that "[i]t is only where the intrusion has gone beyond the limits of decency that liability accrues." *Id.* Comment (d). In later cases the Tennessee courts commented on the invasion of privacy tort only in passing – usually on the way to finding that the complaint did not state a claim. *See Swallows v. Western Electric Co.*, 543 S.W.2d 581 (Tenn. 1976); *Fann v. City of Fairview*, 905 S.W.2d 167 (Tenn. Ct. App. 1994)*; Dunn v. Moto Photo*, 828 S.W.2d 747 (Tenn. Ct. App. 1991); *Gann v. Key*, 758 S.W.2d 538 (Tenn. Ct. App. 1988). In *Roberts v. Essex Microtel Associates*, 46 S.W.3d 205 (Tenn. Ct. App. 2000), the court explored some of the provisions of the *Restatement (Second) of Torts* § 652B. But that section deals with an intentional intrusion upon the plaintiff's solitude or seclusion not the false light prong of the invasion of privacy tort. Finally, in *West v. Media General Convergence, Inc.*, 53 S.W.3d 640 (Tenn. 2001), the Supreme Court dealt with an allegation of false light invasion of privacy. The Court adopted, with slight modifications, § 652E of the *Restatement (Second) of Torts* (1977):

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>> (b) the actor had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

53 S.W.3d at 643. The Court held that actual malice was required to establish a false light claim when the plaintiff is a public official or public figure, or when the claim in asserted by a private individual about a matter of public concern. 53 S.W.3d at 647.

The Court in *West* cited a federal case holding that there is no invasion of privacy when an arrest is made with probable cause. *See Evans v. Detlefsen*, 857 F.2d 330 (6th Cir. 1988). The Court also cited *International Union v. Garner*, 601 F. Supp. 187 (M.D. Tenn. 1985) in which Judge Wiseman held that a case of false light could not be asserted where the plaintiff did not contend that the private information communicated to the public was misleading.

The trial judge held that the uncontradicted proof showed that Officer Emerton had probable cause to arrest Mr. Gunter. We agree. It is a crime to possess a firearm on the premises of a place

where alcoholic beverages are served or sold. Tenn. Code Ann. § 39-17-1306. The complaint alleges, and the affidavits filed by the defendant show, that while armed Mr Gunter entered the Shell station where alcoholic beverages are sold. While the plaintiff argues that beer is not an alcoholic beverage under the statute, that interpretation given by the Attorney General's office was not furnished until February of 2000. Mr. Gunter's arrest occurred in 1999.

We are also convinced that there was nothing misleading about the matters publicized by Officer Emerton. The arrest warrant recited that Mr. Gunter was in possession of a firearm while on the premises where alcoholic beverages were sold. Mr. Gunter admitted as much. So, in addition to having probable cause to arrest Mr. Gunter, Officer Emerton did not publish any information that was misleading or that would produce a false impression about Mr. Gunter.

We find that the motion for summary judgment presented the proper questions to the trial judge and that the trial court properly disposed of the false light claim. Therefore, we affirm the trial judge's grant of summary judgment to Mr. Emerton. Remand this case to the Circuit Court of Overton County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.