Viacheslav **PLATONOV**, Appellant,

v.

**THE BARN, L.P. and Paul Londe Revocable Trust, Respondents.**

No. ED 88649.

Missouri Court of Appeals, Eastern District, Division Three.

June 12, 2007.

---

Richard S. Bender, David G. Bender, Clayton, MO, for respondents.

Alexander Koubatov, Saint Louis, MO, for appellant.

### *OPINION*

GLENN A. NORTON, Presiding Judge.

Viacheslav Platonov appeals the judgment dismissing his claim for breach of contract against The Barn, LP ("The Barn"). We reverse and remand.

## I. BACKGROUND

Lessor The Barn at Lucerne, LP ("The Barn at Lucerne")[1] and Lessee Zhivago's, LLC entered into a lease in 1998 for Zhivago's to operate a restaurant on The Barn at Lucerne's property. The lease ran until May 31, 2003. Chapter 38 of the lease granted Platonov or his heirs the option to purchase a 50% interest in the entity owning the property after July 1, 2000, and before July 1, 2001.

On June 20, 2001, Platonov's attorney sent a letter to The Barn at Lucerne declaring that Platonov was exercising the option to purchase. For reasons not found in the record, the purchase never happened. On June 23, 2006, Platonov filed suit for breach of contract against The Barn and the Paul Londe Revocable Trust ("Trust"), which appear to be successors in interest to the property from The Barn at Lucerne. Platonov attached to his petition the lease, with the option language, and the letter from his attorney exercising the option.

The Barn and the Trust filed a motion to dismiss, claiming that the parties had entered into a "First Amendment to Lease" on December 31, 2003. This document purportedly deletes chapter 38 of the earlier lease agreement. The Barn quoted the document in its motion. The Barn also apparently presented the document to the court at the motion hearing. Both parties admitted in their statements of facts that the Barn presented the document to the court, but no record of this hearing was made. The Barn alleges that Zhivago's did not object to the court viewing the document. It is not clear whether the trial court entered the document into evidence, but The Barn did submit it in a supplemental legal file to this Court.

After the hearing, the court granted The Barn's motion to dismiss. The court found that the First Amendment to Lease superseded contrary provisions of the original lease. Platonov appeals.

## II. DISCUSSION

Platonov argues that the court erred when it considered matters outside the

---

1. Although the record is not clear on this point, it appears that The Barn at Lucerne and The Barn are not the same legal entity.

pleadings and thereby treated the motion to dismiss as a motion for summary judgment without notice to the parties and an opportunity to present all pertinent materials.

### A. Standard of Review

We review the grant of a motion to dismiss *de novo*. *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo.App. E.D.2005). A motion to dismiss is solely a test of the adequacy of the petition. *Hallquist v. Midden*, 196 S.W.3d 601, 603 (Mo.App. E.D.2006). We accept as true all of the plaintiff's averments and view the allegations in the light most favorable to the plaintiff. *Vogt*, 158 S.W.3d at 247.

### B. Treating a Motion to Dismiss as a Motion for Summary Judgment

Under Rule 55.27(b),[2] "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...." The parties also "shall be given reasonable opportunity to present all [pertinent] materials" for a summary judgment motion. *Id.* In order to consider the "matters outside the pleadings" and treat the motion as one for summary judgment, however, the court must give notice to the parties that it is going to do so. *ADP Dealer Services Group v. Carroll Motor Co.*, 195 S.W.3d 1, 6 (Mo.App. E.D.2005). *See also RGB2, Inc. v. Chestnut Plaza, Inc.*, 103 S.W.3d 420, 425 (Mo.App. S.D.2003) (reversing and remanding for failure to notify parties that a motion would be treated as one for summary judgment).

Matters outside the pleadings were considered by the trial court. The alleged amendment to the contract, quoted in the motion to dismiss, was not part of the pleadings. The trial court was required to treat the motion to dismiss as a motion for summary judgment under the mandatory language of Rule 55.27(b) once matters outside the pleadings were presented. The court therefore was also required to give notice to the parties that it was doing so and afford them an opportunity to prepare their respective motion and response accordingly. There is nothing in the record indicating that such notice was provided. The court erred in not expressly converting the motion to one for summary judgment and not notifying the parties that it was doing so.

The Barn argues that the quoted portion of the alleged amendment to the contract merely completed the contract attached to the petition and therefore was not a matter outside the pleadings. We disagree. Any evidence beyond that found in the pleadings constitutes a matter outside the pleadings. The Barn cannot cite to any authority stating that a motion to dismiss is a pleading; a motion to dismiss is just that, a motion, and not a pleading. The quoted language from the "Amendment" was not found in the only pleading before the court, Platonov's petition, and was therefore outside the pleadings.

Point one is granted. We decline to review Platonov's point two because point one is dispositive of the case.

### III. CONCLUSION

We reverse and remand for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, J., concurs.

KENNETH M. ROMINES, J., concurs in result.

---

**2.** All Rules references are to Supreme Court Rules (2007).

KENNETH M. ROMINES, Judge, concurring.

I concur. On remand the Circuit Court should give notice and grant summary judgment.