Greg **MEYERKORD**, Appellant,

v.

The **ZIPATONI COMPANY**,
Respondent.

No. ED 90736.

Missouri Court of Appeals,
Eastern District.

Dec. 23, 2008.

---

Steven D. Rineberg, St. Louis, MO, for Appellant.

Randall D. Grady, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Plaintiff, Greg Meyerkord ("Meyerkord"), appeals from the judgment dismissing Meyerkord's action for false light invasion of privacy against defendant, The Zipatoni Co. ("Zipatoni"). Meyerkord contends his claim represents the "classic case" of false light invasion of privacy. We vacate and remand.

Some time prior to early 2003, Meyerkord was employed by Zipatoni, a Missouri corporation that provides marketing services to businesses, and was listed as the "registrant" for Zipatoni's account with Register.com for the purpose of the registration of websites. Meyerkord's employment with Zipatoni ended in 2003.

In 2006, Zipatoni registered www.alliwantforxmasisapsp.com through Register.com. Meyerkord was listed as the registrant for www.alliwantforxmasisapsp.com, but had no involvement in the creation, registration, or marketing of the website, which was used during a viral marketing campaign initiated by Sony to sell its Play Station Portable ("PSP"). Shortly after the PSP campaign became active, bloggers, consumers, and consumer activist groups began voicing on blogs and websites their concern, suspicion, and accusations over the campaign and those associated with it, including Zipatoni and Meyerkord.

Thereafter, Meyerkord filed an action against Zipatoni for false light invasion of privacy because Zipatoni failed to remove him as the registrant for its account with Register.com and registered www.alliwantforxmasisapsp.com with Meyerkord listed

as the registrant when he no longer worked for Zipatoni. As a direct result of the "negligence" of Zipatoni, Meyerkord alleged the content of *www.alliwant forxmasisapsp.com* was "publicly attributed" to Meyerkord, and his "privacy has been invaded, his reputation and standing in the community has been injured, and he has suffered shame, embarrassment, humiliation, harassment, and mental anguish." Meyerkord also alleged these injuries will continue because the blogs and websites criticizing him will remain "on the [i]nternet and open for searching/viewing for an indefinite period of time." Meyerkord requested a judgment in excess of $25,000.

Zipatoni filed a motion to dismiss in which it argued no Missouri court had recognized the "false light" tort as an action separate from defamation, and Meyerkord failed to plead a claim for defamation. The trial court granted Zipatoni's motion to dismiss. This appeal follows.

In his sole point, Meyerkord argues the trial court erred in granting Zipatoni's motion to dismiss because his claim represents the "classic case" of false light invasion of privacy as set forth by the Missouri Supreme Court and the Restatement (Second) of Torts because Zipatoni publicly and falsely attributed a website to Meyerkord.

▋ We review the grant of a motion to dismiss *de novo*. *Platonov v. The Barn, L.P.*, 226 S.W.3d 238, 240 (Mo.App. E.D. 2007). A motion to dismiss is solely a test of the adequacy of the petition. *Id.* We accept as true all of the plaintiff's averments and view the allegations in the light most favorable to the plaintiff. *Id.* We review the petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. *Avila v. Community Bank of Virginia*, 143 S.W.3d 1, 4 (Mo.App. W.D. 2003).

Since the early twentieth century, Missouri has recognized a cause of action for an "invasion of privacy." *Sullivan v. Pulitzer Broadcasting Co.*, 709 S.W.2d 475, 477 (Mo. banc 1986) *citing Munden v. Harris*, 153 Mo.App. 652, 134 S.W. 1076 (1911). In *Barber v. Time, Inc.*, 348 Mo. 1199, 159 S.W.2d 291 (1942), the Supreme Court acknowledged the general "right of privacy" not to have certain private affairs made public. *Sullivan*, 709 S.W.2d at 477.

An "invasion of privacy" is a general term used to describe four different torts. *Id.* at 478. The Restatement (Second) of Torts spells out these four different torts in Section 652A, which provides:

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.

(2) The right of privacy is invaded by

(a) unreasonable intrusion upon the seclusion of another, as stated in Section 652B; or

(b) appropriation of the other's name or likeness, as stated in Section 652C; or

(c) unreasonable publicity given to the other's private life, as stated in Section 652D; or

(d) publicity that unreasonably places the other in a false light before the public, as stated in Section 652E.

We have acknowledged this Restatement classification, but we have yet to recognize a cause of action for false light invasion of privacy. *Sullivan*, 709 S.W.2d at 478; *see also Buller v. Pulitzer Pub. Co.*, 684 S.W.2d 473, 481 (Mo.App. E.D.1984)(finding the Restatement distinctions have been adopted by use if not by express language.).

■ Meyerkord argues the false light invasion of privacy tort should be recognized in this case because this case meets the elements of the tort and represents the "classic case" discussed in *Sullivan v. Pulitzer Broadcasting Co.*, 709 S.W.2d 475 (Mo. banc 1986), the key case dealing with the question of whether Missouri courts should adopt a cause of action for false light invasion of privacy. In *Sullivan*, the court looked at the issue of whether a plaintiff could sue for false light invasion of privacy and avoid the two year statute of limitations for defamation actions. *Id.* In deciding that question, the court noted it had not yet recognized a cause of action apart from defamation for false light invasion of privacy. *Id.* at 478. However, it went on to say that:

> [i]t may be possible that in the future Missouri courts will be presented with an appropriate case justifying our recognition of the tort of "false light invasion of privacy." The classic case is when one publicly attributes to the plaintiff some opinion or utterance, whether harmful or not, that is false, such as claiming that the plaintiff wrote a poem, article or book which plaintiff did not in fact write.

*Id.* at 480. The court also noted the difference between false light and defamation was that the latter protects one's interest in his or her reputation, while the former protects one's interest in the right to be let alone. *Id.* at 479. An action for false light invasion of privacy does not require one to also be defamed; it is enough that he or she is given unreasonable and highly objectionable publicity that attributes to him or her characteristics, conduct, or beliefs that are false, and so is placed before the public in a false position. Restatement (Second) of Torts Section 652E, cmt. B (1977). When this is the case and the matter attributed to the plaintiff is not defamatory, the rule here affords a differ-

ent remedy not available in an action for defamation. *Id.*

■ Section 652(E) of the Restatement (Second) of Torts spells out the elements of the tort of false light invasion of privacy as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

■ This section applies only when the publicity given to the plaintiff has placed him in a false light before the public, of a kind that would be highly offensive to a reasonable person. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051, 1057 (2007). In other words, it applies only when the defendant knows the plaintiff, as a reasonable person, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity. *Id.* On the other hand, the plaintiff's privacy is not invaded when unimportant false statements are made, even when they are made deliberately. *Id.* at 1058. It is only when there is such a major misrepresentation of one's character, history, activities, or beliefs that serious offense may reasonably be expected to be taken by a reasonable person in his or her position, that there is a cause of action for invasion of privacy. *Id.*

In deciding whether to adopt the tort of false light invasion of privacy, we note the majority of jurisdictions addressing false light claims have chosen to recognize false

light as a separate actionable tort.[1] *West v. Media General Convergence, Inc.,* 53 S.W.3d 640, 644 (Tenn.2001). Further, of these jurisdictions most have adopted either the analysis of the tort given by Dean Prosser or the definition provided by the Restatement (Second) of Torts. *Id.* On the other hand, a minority of jurisdictions have refused to recognize the tort of false light invasion of privacy.[2] *Id.*

The rationales commonly supporting a court's refusal to recognize false light invasion of privacy are that: (1) the protection provided by false light either duplicates or overlaps the interests already protected by the defamation torts of slander and libel; (2) to the extent it would allow recovery beyond that permitted for libel or slander, false light would tend to exacerbate the tension between the First Amendment and these cases; and (3) it would require courts to consider two claims for the same relief, which, if not identical, at least would not differ significantly. *Id.* at 645.

As to the first rationale, we find false light invasion of privacy is sufficiently distinguishable from defamation torts. In defamation law, the interest sought to be protected is the objective one of reputation, either economic, political, or personal, in the outside world. *Id.* On the other hand, in privacy cases, the interest affected is the subjective one of injury to the person's right to be let alone. *Sullivan,*

**1.** *Welling v. Weinfeld,* 113 Ohio St.3d 464, 866 N.E.2d 1051, 1058 (2007); *White v. Fraternal Order of Police,* 909 F.2d 512 (D.C.Cir.1990); *Godbehere v. Phoenix Newspapers, Inc.,* 162 Ariz. 335, 783 P.2d 781 (1989); *Dodrill v. Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979); *Fellows v. National Enquirer, Inc.,* 42 Cal.3d 234, 228 Cal.Rptr. 215, 721 P.2d 97 (1986); *Cabaniss v. Hipsley,* 114 Ga.App. 367, 151 S.E.2d 496 (1966); *Goodrich v. Waterbury Republican–American, Inc.,* 188 Conn. 107, 448 A.2d 1317 (1982); *Hoskins v. Howard,* 132 Idaho 311, 971 P.2d 1135 (1998); *Lovgren v. Citizens First Nat'l Bank of Princeton,* 126 Ill.2d 411, 128 Ill.Dec. 542, 534 N.E.2d 987 (1989); *Cullison v. Medley,* 570 N.E.2d 27 (Ind.1991); *Anderson v. Low Rent Housing Comm'n of Muscatine,* 304 N.W.2d 239 (Iowa 1981); *Finlay v. Finlay,* 18 Kan.App.2d 479, 856 P.2d 183 (1993)(stating that false light is a subdivision of the broader tort of invasion of privacy); *McCall v. Courier–Journal and Louisville Times Co.,* 623 S.W.2d 882 (Ky.1981); *Jaubert v. Crowley Post–Signal, Inc.,* 375 So.2d 1386 (La.1979); *Harnish v. Herald–Mail Co.,* 264 Md. 326, 286 A.2d 146 (1972); *MacKerron v. Madura,* 445 A.2d 680 (Me.1982); *Prescott v. Bay St. Louis Newspapers, Inc.,* 497 So.2d 77 (Miss.1986); *Lence v. Hagadone Inv. Co.,* 258 Mont. 433, 853 P.2d 1230 (1993)(overruled on other grounds); *Turner v. Welliver,* 226 Neb. 275, 411 N.W.2d 298 (1987)(noting that false light is codified in Neb.Rev.Stat. § 20–204 (1983)); *Romaine v. Kallinger,* 109 N.J. 282, 537 A.2d 284 (1988); *Moore v. Sun Publ'g Corp.,* 118 N.M. 375, 881 P.2d 735 (Ct.App.1994); *McCormack v. Oklahoma Publ'g Co.,* 613 P.2d 737 (Okla.1980); *Dean v. Guard Publ'g Co., Inc.,* 73 Or.App. 656, 699 P.2d 1158 (1985); *Santillo v. Reedel,* 430 Pa.Super. 290, 634 A.2d 264 (1993); *Montgomery Ward v. Shope,* 286 N.W.2d 806 (S.D.1979)(acknowledging that false light lies within the scope of invasion of privacy); *Cox v. Hatch,* 761 P.2d 556 (Utah 1988); *Eastwood v. Cascade Broad. Co.,* 106 Wash.2d 466, 722 P.2d 1295 (1986); *Crump v. Beckley Newspapers, Inc.,* 173 W.Va. 699, 320 S.E.2d 70 (1983).

**2.** *Jews For Jesus, Inc. v. Rapp,* 997 So.2d 1098 (Fla.2008)(not yet released for publication); *Falwell v. Penthouse Int'l, Ltd.,* 521 F.Supp. 1204 (W.D.Va.1981); *Elm Medical Laboratory, Inc. v. RKO General, Inc.,* 403 Mass. 779, 532 N.E.2d 675 (1989) (overruled on other grounds); *Lake v. Wal–Mart Stores, Inc.,* 582 N.W.2d 231 (Minn.1998); *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993)(holding that New York has statutory invasion of privacy law that does not afford recognition of common law false light); *Renwick v. News & Observer Publ'g Co.,* 310 N.C. 312, 312 S.E.2d 405 (1984); *Brown v. Pearson,* 326 S.C. 409, 483 S.E.2d 477 (Ct.App.1997); *Cain v. Hearst Corp.,* 878 S.W.2d 577 (Tex.1994); *Zinda v. Louisiana Pacific Corp.,* 149 Wis.2d 913, 440 N.W.2d 548 (1989)(recognizing that statutory right to privacy excludes false light).

709 S.W.2d at 479. Further, where the issue is truth or falsity, the marketplace of ideas provides a forum where the answer can be found, while in privacy cases, resort to the marketplace merely accentuates the injury. *West*, 53 S.W.3d at 644. Thus, we find the interests at stake are sufficiently distinct for a separate remedy for false light invasion of privacy to exist.

■■■ The second rationale for refusing to recognize false light invasion of privacy can be easily mitigated through the adoption of a heightened standard like actual malice or recklessness. Some courts have adopted an actual malice standard for claims involving public officials or figures or claims asserted by private individuals about matters of public concern and a negligence standard for claims by private individuals about matters of private concern. *Id.* at 647–48. However, we find that adhering to the actual malice standard in the Restatement for all types of cases strikes the best balance between allowing false light claims and protecting First Amendment rights. *See Welling*, 866 N.E.2d at 1058 (noting the actual malice standard protects negligent reporters and editors who merely fail to observe an error or to use reasonable care in averting misrepresentations). Further, this heightened standard will help to alleviate some of the concerns regarding judicial economy, which are evident in the third rationale for not recognizing false light invasion of privacy. Moreover, the Restatement's requirement that the statement must be "highly offensive to a reasonable person" reduces the possibility that the recognition of the false light tort will result in unnecessary litigation. *West*, 53 S.W.3d at 646.

■■■ As noted earlier, the Missouri Supreme Court has considered the issue of whether Missouri courts should adopt the tort of false light invasion of privacy, but the Supreme Court concluded it had not yet been confronted with a factually suitable case. We now find that the facts of the present case properly present the issue of false light invasion of privacy and we hold that a person who places another before the public in a false light may be liable in Missouri for the resulting damages. In recognizing this cause of action, we note that as a result of the accessibility of the internet, the barriers to generating publicity are quickly and inexpensively surmounted. *Welling*, 866 N.E.2d at 1058. Moreover, the ethical standards regarding the acceptability of certain discourse have been diminished. *Id.* Thus, as the ability to do harm grows, we believe so must the law's ability to protect the innocent. *Id.*

■■■ Nevertheless, Zipatoni argues even if Missouri courts are receptive to recognizing a cause of action for false light invasion of privacy, this is a poor case to advance that theory for at least three reasons: (1) the false light tort requires one "to give publicity to a matter," and Zipatoni argues it did not "give publicity" to this matter and the website was not "publicly attributed" to Meyerkord; (2) Zipatoni claims this case did not involve a major misrepresentation which would be highly offensive to a reasonable person; and (3) Meyerkord only alleged Zipatoni acted negligently, but the Restatement and cases from other jurisdictions have required reckless disregard or actual malice for false light invasion of privacy claims.[3]

We can fairly easily dispose of Zipatoni's first two contentions. First, because we

**3.** *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051, 1058 (Ohio 2007); *Goodrich v. Waterbury Republican–American, Inc.*, 188 Conn. 107, 448 A.2d 1317, 1330 (1982);

*Lovgren v. Citizens First Nat'l Bank of Princeton*, 126 Ill.2d 411, 128 Ill.Dec. 542, 534 N.E.2d 987, 991 (Il.1989).

are merely testing the adequacy of the petition on a motion to dismiss and we accept all allegations as true and Meyerkord alleged "the content of www.alliwant forxmasisapsp.com was publicly attributed" to him, we find he adequately pleaded facts to support this element of false light invasion of privacy. Second, with respect to whether this case involves a major misrepresentation that would be highly offensive to a reasonable person, we find Meyerkord adequately alleged the content of www.alliwantforxmasisapsp.com was wrongfully attributed to him and he alleged this caused him to suffer shame, embarrassment, humiliation, harassment, and mental anguish. Further, we find the questions of whether these allegations describe a major misrepresentation that would be highly offensive to a reasonable person are questions for a jury. *See Jonap v. Silver*, 1 Conn.App. 550, 474 A.2d 800 (1984)(discussing whether a jury could have found statements in a letter to be major misrepresentations that were highly offensive to a reasonable person.) At this stage, we are bound to accept all averments in the petition as true. Thus, we cannot say this case did not involve a major misrepresentation that would be highly offensive to a reasonable person.

■ We now turn to Zipatoni's third argument for not recognizing a cause of action for false light invasion of privacy in this case. In his petition, Meyerkord alleged Zipatoni was "negligent and careless" in failing to remove him as the registrant for its account with Register.com and in registering www.alliwantforxmasisapsp.com with Meyerkord listed as the registrant. Because we have adopted the tort of false light invasion of privacy and have found that the proper standard for liability is actual malice, we find Meyerkord has failed to plead the essential elements for a claim of false light invasion of privacy.

Meyerkord failed to allege Zipatoni acted with knowledge of or with reckless disregard as to the falsity of the publicized matter and the false light in which Meyerkord would be placed. Thus, we conclude Meyerkord's current petition does not adequately plead a cause of action under the false light invasion of privacy theory as stated in the Restatement and adopted by us. Therefore, the trial court did not err in granting Zipatoni's motion to dismiss because Meyerkord's petition failed to state a claim upon which relief may be granted.

■ However, because of the developing status of this area of the law, and because no previous cases have discussed pleading requirements in Missouri, we will remand this case and give Meyerkord an opportunity to amend his petition to plead the correct standard for his claim of false light invasion of privacy as adopted above. *See Adolphsen v. Hallmark Cards, Inc.*, 907 S.W.2d 333, 339 (Mo.App. W.D.1995). If the trial court determines, based upon applicable law and this opinion, that the amended petition states a cause of action, the matter shall be allowed to proceed. Otherwise, the court shall dismiss the claim with prejudice.

The judgment of the trial court is vacated. The cause is remanded for further proceedings consistent with this opinion.

NANNETTE A. BAKER, C.J. and ROY L. RICHTER, J., concur.