# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2847

_____

Chyleina Herron; Cory Herron

*Plaintiffs - Appellants*

v.

E.W. Scripps Company, an Ohio Corporation; Scripps Media, Inc., a Delaware Corporation and Subsidiary of E.W. Scripps Company; John Doe I, a Missouri resident and employee and/or agent of E.W. Scripps Company and/or Scripps Media, Inc., who has responsibility for the reporting, production, editing and/or airing of television news reports at KSHB-TV and KMCI-TV; Jane Doe I, a Missouri resident and employee and/or agent of E.W. Scripps Company and/or Scripps Media, Inc., who has responsibility for the reporting, production, editing and/or airing of television news reports at KSHB-TV and KMCI-TV

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 12, 2019
Filed: September 11, 2019
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

During a news segment about a man accused of tricking women into having sex with him on camera, a television station included a clip of an interview in which Chyleina Herron described how the same man had swindled her out of money in an unrelated scheme. Chyleina and her husband sued the station, claiming that it had falsely implied that she too had been tricked into having sex, based on the presence of a banner on the bottom of the screen that read: "Man Charged with Tricking Women into On-Camera Sex." The district court[1] dismissed her complaint, and we affirm.

After Mario Ambrose Antoine was arrested and charged with federal wire fraud arising out of a sex-by-deception scheme, KSHB-TV covered the story in a two-minute-and-twenty-second news segment, much of which discussed the facts underlying the charges. But the segment also included a short clip from several years earlier, in which Chyleina described how Antoine had defrauded her by promising to be her wedding photographer and then absconding with her deposit. Even though the "On-Camera Sex" banner remained at the bottom of the screen throughout the segment, a voiceover explained that Chyleina's interview was unrelated to Antoine's sex-by-deception scheme.

Based on the news segment, which KSHB also posted online, the Herrons sued the station's owner and several of its employees in Missouri state court and alleged that they had portrayed her in a false light. The defendants removed the case to federal district court, which dismissed the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). We review this decision de novo, assuming "the facts alleged in the complaint to be true." *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 766 (8th Cir. 2016).

We apply Missouri law in this diversity case. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883 (8th Cir. 2014). The Missouri

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Supreme Court has not definitively decided whether to recognize false-light claims. *See Meyerkord v. Zipatoni Co.*, 276 S.W.3d 319, 325 (Mo. Ct. App. 2008) (noting this uncertainty). In the absence of clear guidance from the Missouri Supreme Court, our task is to "predict" what it might do. *United Fire & Cas. Co.*, 751 F.3d at 883. In making this prediction, decisions of intermediate state courts "are particularly relevant and must be followed when they are the best evidence of [state] law." *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 912 (8th Cir. 2004) (citing *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir.2003)).

The Missouri Court of Appeals has elaborated on false-light claims. In particular, it has held that one element of proving such a claim is actual malice. Borrowed from First Amendment defamation law, actual malice is "act[ing] with knowledge of or with reckless disregard as to the falsity of the publicized matter and the false light in which [an individual] would be placed." *Meyerkord*, 276 S.W.3d at 325–26. We must follow *Meyerkord*, because it is the clearest, most on-point statement of Missouri law, and there is no indication that the Missouri Supreme Court would disagree with it. *See Holden Farms, Inc.* 347 F.3d at 1066-67 (citing *West v. AT&T*, 311 U.S. 223, 237 (1940)).

The Herrons' complaint, even construed in a light most favorable to them, does not allege actual malice. In the news segment itself,[2] the voiceover explains that Chyleina was the victim of a separate, *unrelated* fraud, which made clear that she was not involved in Antoine's sex-by-deception scheme. To be sure, the station could have also removed or altered the banner at the bottom of the screen during her interview. But its failure to do so, in light of the unequivocal language of the

---

[2] We may consider the actual video of the segment in analyzing the motion to dismiss because it is "necessarily embraced by the complaint." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150–51 (8th Cir. 2012) (citation omitted) (explaining that "documents necessarily embraced by the complaint are not matters outside the pleading" (citation omitted)); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012) (suggesting that "it makes eminently good sense" to consider the contents of "television programs and similar works" referenced in a complaint in deciding whether to grant a motion to dismiss).

voiceover, is nothing "more than a [negligent] mistake." *Sigafus v. St. Louis Post-Dispatch, L.L.C.*, 109 S.W.3d 174, 180 (Mo. Ct. App. 2003) (holding that more than negligence is required for actual malice).

We accordingly affirm the judgment of the district court.

_____