MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 JULIE GOMOLETZ, )
 ) WD84330
 Appellant, )
 v. ) OPINION FILED:
 )
 ROCKHURST UNIVERSITY, ) March 8, 2022
 )
 Respondent. )
 )

 Appeal from the Circuit Court of Jackson County, Missouri
 Honorable Charles H. McKenzie, Judge

 Before Division Two:
 Alok Ahuja, P.J., Edward R. Ardini, Jr. and Janet Sutton, JJ.

 Ms. Julie Gomoletz appeals the Jackson County Circuit Court’s judgment

dismissing with prejudice her petition alleging that Rockhurst University unlawfully

discriminated against her in violation of the Missouri Human Rights Act (MHRA). Ms.

Gomoletz argues that the court erred in dismissing her petition because she had a

“valid” right-to-sue letter when she filed her petition in circuit court. She also argues

that the court erred in concluding Rockhurst fell under the MHRA’s religious

exemption because the affirmative defense of religious exemption was not raised before

the court, the court improperly considered matters outside the pleadings, and she did

not have an opportunity to “be heard” on the religious-exemption issue. We reverse

and remand.
 Ms. Gomoletz filed a charge of discrimination on September 30, 2019, with the

Equal Employment Opportunity Commission (EEOC) and the Missouri Commission

on Human Rights (MCHR) against her former employer, Rockhurst University

(Rockhurst). In her complaint, Ms. Gomoletz alleged race-based discrimination, sex-

based discrimination, and retaliation, in violation of the Missouri Human Rights Act

(MHRA). §§ 213.010 -.137. 1

 More than 180 days after Ms. Gomoletz filed her discrimination charge, MCHR

issued a right-to-sue letter at her request. MCHR also sent the letter to Rockhurst. The

right-to-sue letter included a provision advising that “if any party is aggrieved by this

decision of the MCHR, that party may appeal the decision by filing a petition under

[section] 536.150 of the Revised Statutes of Missouri in state circuit court. ” Rockhurst

did not file for review as an aggrieved party when the right-to-sue letter was issued.

 After receiving the right-to-sue letter, Ms. Gomoletz filed a petition in the

Jackson County Circuit Court against Rockhurst alleging race-based discrimination,

gender-based discrimination, and retaliation under the MHRA. Rockhurst did not file

an answer to the petition, but did file a motion to dismiss, or in the al ternative, motion

to stay, citing Rules 55.27 and 67.03. Rockhurst attached a MCHR June 30, 2020,

letter addressed to Ms. Gomoletz as “Exhibit 1” to the motion. The letter stated, “You

were previously notified the Executive Director of the Missouri Commission on Human

Rights (MCHR) administratively closed the above-captioned complaint. It has been

noted that the MCHR closure was an error. Therefore, MCHR is vacating its closure of

this complaint.” Rockhurst’s motion included authority for a motion to dismiss for

1
 All statutory references are to RSMo (2016 and 2017 Supp.)

 2
failure to state a claim, but primarily focused on the argument that MCHR ’s decision

to vacate its previous right-to-sue letter and re-open its investigation warranted the

court in either dismissing Ms. Gomoletz’s petition or staying the proceedings until

MCHR concluded its re-opened proceedings. Specifically, with respect to its dismissal

request, Rockhurst argued that a “right-to-sue letter is a precondition to the filing of a

MHRA claim and because a plaintiff cannot bring a MHRA claim without the right-to-

sue letter, Plaintiff cannot maintain the current lawsuit. Therefore, Plaintiff ’s lawsuit

should be dismissed.”

 As to its request for the matter to be stayed, Rockhurst advised that MCHR was

evaluating whether Rockhurst was exempt from covera ge under MHRA’s religious

exemption, and that it had submitted information and documents to MCHR in support

of its position that it was exempt from coverage. Rockhurst argued that it would be

“duplicative, wasteful and unjust for Rockhurst to be forced to simultaneously litigate

this case before this Court and the MCHR.” Rockhurst pointed out that a requirement

for “plaintiff . . . to exhaust administrative remedies by either fully adjudicating a claim

through the MCHR or receiving a right-to-sue letter before initiating a civil action

demonstrates that the MHRA has both contemplated and discouraged simultaneous

litigation.”

 Ms. Gomoletz filed a response, opposing both the motion to dismiss and the

request to stay the proceedings. Ms. Gomoletz argued that she had a “valid” right-to-

sue letter when she filed her petition for damages and that MCHR exceeded its statutory

authority when it vacated its earlier closure of her complaint. In her response, Ms.

Gomoletz referred the circuit court to the March 30, 2020, right-to-sue letter, which

 3
was attached as an exhibit to her petition, and referenced that letter several times

throughout her response. Ms. Gomoletz’s response also referenced Rockhurst’s

Exhibit 1, the June 30, 2020, letter in which MCHR notified Ms. Gomoletz of its

decision to vacate the previous right-to-sue letter and re-open its investigation. Ms.

Gomoletz argued MCHR lacked statutory authority to withdraw the right -to-sue letter

it had previously issued. She also contended that it would be (1) unjust for the court

to ignore the previously issued right-to-sue letter, (2) “wasteful of [her] efforts thus far

in asserting her right to bring a civil action,” and (3) in the “interest of judicial

economy” to allow her case to proceed.

 Rockhurst filed a reply in support of its motion to dismiss, or in the alternative,

motion to stay. Rockhurst again argued that MCHR acted properly when it vacated its

earlier closure of Ms. Gomoletz’s charge of discrimination and right-to-sue letter.

Rockhurst referred the circuit court to its Exhibit 1 that was attached to its original

motion to dismiss, or in the alternative, motion to stay. Rockhurst again noted that

MCHR was determining whether it was religiously exempt under the MHRA, and that

the matter should be dismissed or stayed pending the outcome of MCHR’S

determination so as to protect Rockhurst from undue burden and to preserve judicial

resources. 2

 Rockhurst then filed a “supplemental memorandum” in support of its motion to

dismiss, or in the alternative, motion to stay. In that filing, Rockhurst attached another

2
 Ms. Gomoletz subsequently requested leave to file a sur -reply to Rockhurst’s motion to dismiss, or
in the alternative, motion to stay, which the circuit court granted. Ms. Gomoletz included her sur -reply
as an attachment to her request for leave to file, but it does not appear the sur-reply was ever filed. The
circuit court’s judgment makes no mention that it considered the sur -reply.

 4
document as an exhibit, labeled “Exhibit 2.” 3 Exhibit 2 was another MCHR letter,

dated October 8, 2020, addressed to Ms. Gomoletz. The letter stated that MCHR’s

investigation had determined that MCHR lacked jurisdiction over the matter because

Rockhurst “is owned or operated by a religious or sectarian group. Such groups are

exempted from coverage by the Missouri Human Rights Act. Therefore, MCHR is

administratively closing this case and terminating all MCHR proceedings relating to

your complaint.” The letter also instructed that Ms. Gomoletz could appeal the

commission’s decision in circuit court by filing a petition under section 536.150.

 Rockhurst argued that Ms. Gomoletz’s petition, based solely on MHRA claims,

should be dismissed because the previously issued right-to-sue letter had been properly

vacated, MCHR had found Rockhurst exempt from coverage under the MHRA as a

religious entity, and MCHR would not issue a right-to-sue letter. Rockhurst also

contended that Ms. Gomoletz could appeal MCHR’s determination that Rockhurst was

exempt from coverage by filing a petition under section 536.150.

 On November 6, 2020, Ms. Gomoletz filed a judicial review proceeding in the

Circuit Court of Cole County, in which she has challenged MCHR’s authority to vacate

the right-to-sue letter originally issued to her, and its authority to conduct further

proceedings following issuance of the right-to-sue letter. See No. 20AC-CC00463 (Cir.

Ct. of Cole Cnty.). That judicial review proceeding is currently pending.

 The circuit court entered a judgment/order of dismissal on February 4, 2021,

dismissing Ms. Gomoletz’s claims with prejudice. The court indicated it considered

3
 In that filing, although it was titled “Defendant’s Supplemental Memorandum in Support of Its
Motion to Dismiss Or, In the Alternative, Motion to Stay,” Rockhurst argued for outright dismissal of
Ms. Gomoletz’s petition.

 5
the following documents: Rockhurst’s motion to dismiss or, in the alternative, motion

to stay, Ms. Gomoletz’s suggestions in opposition, Rockhurst’s reply in support, and

Rockhurst’s supplemental memorandum in support. It does not appear that the circuit

court held a hearing on the matter before issuing its dismissal.

 In its judgment, the circuit court referred to the June 30, 2020 , MCHR letter

which provided notice that the earlier administrative closure of Ms. Gomoletz ’s case

was an error, and thus “voiding the [r]ight-to-[s]ue letter” previously issued. The

circuit court also referred to the second MCHR letter which concluded that Rockhurst

was “owned and operated by a religious or sectarian group” and was therefore not

subject to suit under the MHRA. The circuit court concluded that Ms. Gomoletz lacked

a “valid” right-to-sue letter, “which is required to bring suit under the MHRA” and

found that Rockhurst “falls under the religious exemption to the MHRA.” Although

the circuit court relied on MCHR’s June and October 2020 letters, nothing in the

judgment indicates that the court decided whether the agency had statutory authority

to issue those letters following its issuance of a right-to-sue letter to Ms. Gomoletz.

The circuit court granted Rockhurst’s motion to dismiss, dismissing Ms. Gomoletz’s

claims with prejudice.

 Ms. Gomoletz subsequently filed a motion to reconsider the circuit court’s

judgment dismissing her claims with prejudice. She argued that her right -to-sue letter

was valid and that MCHR acted improperly. She also argued that the circuit court ’s

finding that Rockhurst was “religiously exempt” violated her due process rights

because she was not given notice or an opportunity to rebut the religious -exemption

argument. Ms. Gomoletz argued that whether Rockhurst falls under the religious

 6
exemption to the MHRA was never raised by Rockhurst in its previous filings. The

circuit court did not rule on Ms. Gomoletz’s motion to reconsider, and it was

accordingly deemed denied after ninety days by operation of Supreme Court Rule

78.06. Ms. Gomoletz appeals.

 Legal Analysis

 Ms. Gomoletz raises two points on appeal. For her first point, Ms. Gomoletz

contends the circuit court erred in granting Rockhurst’s motion to dismiss and in

finding that she lacked a valid right-to-sue letter because she had a “valid, enforceable,

and un-rescindable” right-to-sue letter when she filed her petition in circuit court. For

her second point, Ms. Gomoletz argues the court erred in concluding Rockhurst fell

under the MHRA’s religious exemption because the affirmative defense of religious

exemption was not raised before the court, the court improperly considered matters

outside the pleadings, and she did not have an opportunity to “be heard” on the

religious-exemption issue. We address these points together, as our reasoning is

applicable to both.

 Ms. Gomoletz’s points assert error in the circuit court’s granting of Rockhurst’s

motion to dismiss. We review the trial court's grant of a motion to dismiss de novo.

Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008).

 The circuit court’s grant of Rockhurst’s motion to dismiss must be reversed, for

multiple reasons. First, in ruling on a motion to dismiss, the circuit court generally can

consider only the pleadings. Walters Bender Strohbehn & Vaughan, P.C. v. Mason, 316

S.W.3d 475, 479 (Mo. App. W.D. 2010). The allegations are viewed in the light most

favorable to the plaintiff, and we accept all of the plaintiff’s averments as true.

 7
Platonov v. The Barn, L.P., 226 S.W.3d 238, 240 (Mo. App. E.D. 2007). We “consider

only the grounds raised in the motion to dismiss in reviewing the propriety of th e trial

court's dismissal of a petition, and, in so doing, [we] will not consider matters outside

the pleadings.” City of Lake St. Louis v. City of O’Fallon, 324 S.W.3d 756, 759 (Mo.

banc 2010).

 Rule 55.27(a) provides for the conversion of a motion to dismiss into a motion

for summary judgment when the parties submit matters outside of the pleadings, and if

certain procedures are followed. 4 The record does not show that the circuit court

converted the motion to one for summary judgment.

 In its judgment, the circuit court indicated it considered the following

documents: Rockhurst’s motion to dismiss or, in the alternative, motion to stay; Ms.

Gomoletz’s suggestions in opposition; Rockhurst’s reply in support; and Rockhurst’s

supplemental memorandum in support. The judgment specifically relied on the

information and conclusions contained in two MCHR letters.

 The circuit court’s judgment included a finding that Ms. Gomoletz’s right-to-

sue letter had been voided by the June 30, 2020, MCHR letter, and that letter was

attached as Exhibit 1 to Rockhurst’s motion to dismiss or in the alternative, motion to

stay. The circuit court’s judgment also directly quoted Rockhurst’s Exhibit 2, which

was attached to its supplemental memorandum in support of its motion to dismiss, and

found that Rockhurst is “‘owned or operated by a religious or sectarian group,’ and

4
 Unless Rule 74.04’s summary judgment procedures are properly invoked and enforced by the court,
the trial court and the reviewing court cannot consider matters outside the plaintiff’s petition.
Underwood v. Kahala, LLC, 554 S.W.3d 485, 493 (Mo. App. S.D. 2018). Here, matters outside Ms.
Gomoletz’s petition were considered and not excluded by the circuit court. The circuit court did not
properly follow Rule 55.27(a) in considering these matters.

 8
therefore is not subject to suit under the [MHRA].” MCHR’s notice of the vacated

right-to-sue letter and its finding that Rockhurst was religiously exempt were not

included as factual allegations in Ms. Gomoletz’s petition.

 The circuit court improperly gave full force and effect to the findings in the two

MCHR letters that it had the authority to vacate Ms. Gomoletz’s previously issued

right-to-sue letter, reopen the investigation, and then ultimately determine that

Rockhurst was religiously exempt under the MHRA. In ruling on Rockhurst’s motion

to dismiss, the circuit court could consider only Ms. Gomoletz’s petition. The circuit

court was also required to accept all of Ms. Gomoletz’s averments as true. Platonov v.

The Barn, L.P., 226 S.W.3d at 240. Ms. Gomoletz’s petition alleged, “. . . [p]laintiff

was issued a Notice of Right to Sue as to her Charge of Discrimination from the

MCHR.” The circuit court was required to accept as true that Ms. Gomoletz had a valid

right-to-sue letter. MCHR’s subsequent communications with Ms. Gomoletz about its

decision to vacate the previous right-to-sue letter and re-open the investigation, as well

as its determination that Rockhurst was religiously exempt, should not have been

considered by the circuit court as these were not contained in Ms. Gomoletz ’s petition. 5

 We recognize that Ms. Gomoletz did not object to Rockhurs t’s reliance on

documents beyond the petition in support of its motion to dismiss, but instead

responded to the substance of those documents. It is thus arguable whether Ms.

Gomoletz preserved any objection to the circuit court’s consideration of MCHR’s June

30 and October 8, 2020 letters. But even if those letters were properly before the circuit

5
 Additionally, Rockhurst’s brief in this appeal explicitly relies on those extrinsic materials in arguing
that the judgment should be affirmed. On appeal, we are also prohibited from considering matters
outside the pleadings. See City of Lake St. Louis v. City of O’Fallon, 324 S.W.3d 756, 759 (Mo. banc
2010).

 9
court, it was error for the court to rely on those letters in the current circumstances.

MCHR’s findings, specifically with respect to its determination that R ockhurst was

religiously exempt, had not been finally adjudicated. Ms. Gomoletz, as an aggrieved

party, had the option to file for judicial review of MCHR ’s actions under section

536.150. Ms. Gomoletz and Rockhurst advise this Court in their briefs that Ms.

Gomoletz filed a Petition for Writ of Mandamus, Writ of Certiorari, and Review of

Administrative Decision in Cole County, in case number 20AC-CC00463 on November

6, 2020, seeking judicial review of MCHR’s actions in this matter. That action remains

pending.

 As Rockhurst itself argued to the circuit court, it would be “duplicative, wasteful

and unjust” for the circuit court to address the validity of MCHR’s June 30 and October

8, 2020 letters, when those issues are being actively litigated in judicial review

proceedings pending in the Circuit Court of Cole County. By the same token, it would

be unjust for the circuit court to rely on MCHR’s post-right-to-sue-letter actions to

dismiss Ms. Gomoletz’s petition with prejudice, while she is actively challenging those

actions using the precise procedural avenue which MCHR, and Rockhurst, have

advised her to follow. Although we do not decide the validity of MCHR ’s June and

October 2020 letters in this appeal, given that the issues have not been briefed or

argued, we note that Ms. Gomoletz’s objections to those letters are not insubstantial:

section 213.111.1 provides that the Commission “shall issue” a right-to-sue letter to a

complainant if the agency has failed to conclude its investigation of a complaint within

180 days, and that, “[u]pon issuance of this notice, the commission shall terminate all

proceedings relating to the complaint.” See Najib v. Mo. Comm’n on Human Rights,

 10
Nos. WD84344, WD84443, and WD84454, slip op. (Mo. App. W.D. Mar. 8, 2022)

(finding Commission action unauthorized in similar circumstances).

 Lastly, the circuit court found that Rockhurst was religiously exempt under the

MHRA. Rockhurst did not, however, raise this defense in its motion to dismiss, in its

reply suggestions in support of its motion to dismiss, or in its supplemental

memorandum; moreover, no evidence was presented to the circuit court on this issue.

There was no record on which to make that determination. The only thing establishing

this purported exemption was MCHR’s communication to Ms. Gomoletz as to its

findings — and this conclusion was not a final adjudication on the matter as MCHR ’s

finding was subject to review under section 536.150. The circuit court relied on the

validity of documents actively challenged in another forum where all parties, including

MCHR, are involved. Rockhurst admits that there is no independent evidence in the

record on which to base the decision regarding the religious exemption.

 Rockhurst was not entitled to the relief the circuit court granted as it was

premature. The circuit court was required to accept all of Ms. Gomoletz ’s allegations

as true, most importantly, that she had a right-to-sue letter. Even if MCHR’s June and

October 2020 letters were properly before the circuit court, it was inappropriate for the

court to rely on them to make a dispositive ruling, when those letters are subject to

ongoing judicial review proceedings. The circuit court erred in finding that Rockhurst

was religiously exempt because Rockhurst did not raise the defense and the circuit

court heard no evidence on the issue.

 11
 Conclusion

 The judgment of the circuit court is reversed, and the case is remanded for

further proceedings consistent with this opinion. 6

 Janet Sutton, Judge

Ahuja, P.J. and Ardini, J. concur.

6
 This opinion should not be read to indicate that the circuit court cannot decide that Rockhurst qualifies
as religiously exempt under the MHRA. Rockhurst can put forth this argument in a motion for summary
judgment with evidence in support. Additionally, we do not reach the merits of several of the questions
the parties raised in this appeal. Specifically, we do not decide whether MCHR acted with proper
authority in vacating the previously issued right -to-sue letter, or whether Rockhurst falls under a
religious exemption to the MHRA. We hold only that the circuit court erred in granting the motion to
dismiss.

 12